The City of Council Bluffs, Appellant, v. The Omaha & Council Bluffs Street Railway & Bridge Company.

Taxation: "PROPERTY OWNERS ABUTTING" DEFINED: *Railroads.* The words "property owners abutting," in an ordinance providing that where railway tracks are laid on a street already paved the company shall pay the property owners abutting for the

paving between the rails, do not apply to the city as owners of the streets, so as to require the company to pay for paving at street intersections.

*Appeal from Council Bluffs Superior Court.*—Hon. E. E. Aylesworth, Judge.

Tuesday, May 21, 1901.

December 26, 1891, plaintiff commenced this action, praying judgment against the defendants on three counts, as set forth in Exhibits A, B. and C. Exhibit A is for expenses paid by the city to replace Avenue A in the condition it was in previous to its occupancy by the defendants. Exhibit B is for paving between the tracks and one foot outside thereof at intersections where the street had been paved by the city previous to the time the defendants laid their second track thereon. Exhibit C is for paving between the tracks and one foot outside thereof, in front of city property, on streets where the defendants laid their second track after the streets had been paved by the city. The defendants answered, denying any liability, and, by consent of parties, the case was tried to the court upon an agreed statement of facts. The court found for the plaintiff on the claims made in Exhibit A and Exhibit C, and for the defendants on the claims made in Exhibit B, and rendered judgment accordingly. The plaintiff appeals from the judgment against it on the claim made in Exhibit B.—*Affirmed.*

*S. B. Wadsworth* for appellant.

*Wright & Baldwin* for appellee.

Given, C. J.—The only contention is as to the claim made in Exhibit B, and it is conceded that it rests upon the construction to be given to the last paragraph of section 3 of the ordinance of the city under which the defendants occupy its streets. That section, after making provision requiring the defendants to conform to the grades of streets,

and to pave its track where the city paves, after track is laid, provides as follows: "Where the tracks are laid upon a street already paved, the company shall pay the property owners abutting for the pavement between the rails and one foot outside thereof; and in laying its tracks said company shall restore said streets, whether paved or not, to as good condition as before the laying down of its tracks thereon, and shall conform to all grades, and keep water-ways and culverts. in good repair at its own expense for the passage of water,. along or across its tracks." The claim in Exhibit B is not for paving in front of city property, as in Exhibit C, but. for paving intersections of streets. Counsel for the city contend that, the city having title to its streets, it is an. abutting property owner whenever a street intersects that. upon which defendants' track is laid. It is urged in argument that the ordinance stands as a contract between these parties, and that it was understood and intended that the defendants should pay for paving at intersections. True,. the plaintiff city holds title to the streets within its limits, but not as owner, but for the public, for the uses and purposes authorized by law. It does not own the streets as it may own lots and buildings, and, as a general rule, cannot sell or convey the streets. If it had been intended to impose this lia-. bility on the defendants, it would not have been left to construction, but would have been plainly provided for. To say that the words "property owners abutting" were intended to apply to the city, as owner of its streets, is at variance with what is commonly understood, and foreign to what was. intended.—Affirmed.