THE CITY OF OSKALOOSA, Appellant, v. THE OSKALOOSA TRACTION AND LIGHT COMPANY.

**Street railways:** PAVING: ASSESSMENT: CONCLUSIVENESS.   Where a city council simply undertakes to determine the value of paving that portion of a street which is chargeable to a street car company, for the benefit of abutting owners, under Code section 835, its determination, though unappealed from, is not conclusive of the company's liability therefor.

**Same:** RECOVERY FROM STREET CAR COMPANY.   Where a street car company lays its tracks along a paved street it can only be required, under the provision of Code, section 835, to pay to the city for the benefit of abutting owners the value of that portion of the paving between and adjacent to its tracks, which has been apportioned among abutting owners and to whom compensation has been directed to be made; it cannot be compelled to pay the value of such improvement either to an old street car company whose rights have been completely forfeited, nor to the city claiming in its own right because of the fact that the street abuts upon a public square.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

MONDAY, FEBRUARY 15, 1909.

ACTION to recover from defendant the value of the paving between its rails and within one foot outside thereof, where its track was laid through paved streets in plaintiff city.   On trial to the court without a jury judgment was rendered for plaintiff to the amount of a

portion only of its claim, and on account of refusal to allow the portions of the claim rejected the plaintiff appeals.—*Affirmed.*

*C. C. Orvis* and *John O. Malcolm,* for appellant.

*John F. & William R. Lacey,* for appellee.,

McCLAIN, J.—Defendant constructed its track through plaintiff's paved streets in 1902, under an ordinance authorizing it to do so. At that time a statute was in force (since amended) requiring any street railway company laying its track upon any paved street to "pay into the city treasury the value of all paving between its tracks and one foot outside thereof, which value shall be determined by the city council . . . and the money thus paid shall be refunded to the abutting property owners ·on said street in proportion to the amount originally assessed against the property abutting thereon." Code, section 835. The city was allowed to recover various sums for specified abutting property owners alleged to be due and payable under the terms of this statute, but was refused an allowance of any amount for certain portions of the paving between the rails of defendant's track, in portions of the streets previously occupied by another street car company, the franchise of which had been revoked, and it is of such refusal that complaint is made on this appeal.

A preliminary question is presented as to the effect of what is called an assessment by the city council against defendant's grantor, from which no appeal was taken, and

1. STREET RAIL-
WAYS: paving:
assessment:
conclusiveness.

it is claimed that such assessment is conclusive as to defendant's liability. But the question to be determined by the city council under the statute is as to the value of the paving, and not as to the liability of the street car company therefor, or the amount to be collected on behalf of each abut-

ting owner. At any rate this was the construction put upon the statute by the city council, which determined that for certain specified portions of defendant's track it should pay 40, 50, or 60 percent, as the case might be, of the original cost of paving. The council did not attempt to determine the sums to be paid on account of particular abutting owners, nor did it fix any amount which defendant was to pay in pursuance of such assessment. Under these circumstances the assessment was not an adjudication of defendant's liability. The amount to be paid was left for subsequent adjustment or recovery by suit. The provision for appeal from the assessment added to Code, section 835, by Acts 30th General Assembly (see Code Supp. 1907, section 835) if applicable to an assessment made prior to the taking effect of the amendatory statute, relates only to the determination of the value of the pavement, and not to the fixing of the liability of the street car company to the persons entitled to recover under the statute.

Referring again to the statutory provision on which defendant's liability is predicated, it is evident that the plaintiff city can recover only on behalf of the abutting property owners to whom compensation is 2. SAME: recovery from street car company. directed to be made; that is to say, the city is entitled to recover such money as it is directed to refund, in the event of recovery, to the abutting property owners. There is no provision for recovering any sum which is not to be thus refunded by apportionment among such property owners. The city is not entitled to recover in its own right, unless it is an abutting property owner within the language of the statute. It is not contended that any sum was due to it as an abutting property owner and the court allowed recovery in all amounts claimed on behalf of property owners specified, and the sole question, as we understand the record, is whether the city had the right to recover for the por-

tion of the pavement which was originally included between the tracks of a street car company whose franchise had been declared forfeited, and whose tracks had been removed from the street prior to the enactment of the statutory provision above referred to. Before the enactment of the present statute it was optional with the city council to require a street car company to pay for a portion of the paving of the street in which its tracks were laid. *Lacey v. Marshalltown*, 99 Iowa, 367. As we understand this record, the street car company previously occupying the streets had not been required to pay for the portion of the pavement between its rails, but had been authorized to lay its tracks and operate its road without such payment. See *Oskaloosa Street R. & L. Co. v. City of Oskaloosa*, 99 Iowa, 496. However this may be, it can not be contended that the old street car company, whose rights in the streets have been fully and completely forfeited and extinguished, is in any sense an abutting owner so as to be entitled to compensation under the present statute on account of pavement laid between its rails. Neither steam railway companies nor street railway companies enjoying easements in a street are assessable as abutting property owners for the improvement of the street. Their liability is only such as is specially imposed by proper statutory provisions. *Chicago, R. I. & P. R. Co. v. Ottumwa*, 112 Iowa, 300; *Ft. Dodge, E. L. & P. Co. v. City of Fort Dodge*, 115 Iowa, 568. Nor is the city, as owner of the street, an abutting property owner. *Council Bluffs v. Omaha & C. B. S. R. & B. Co.*, 114 Iowa, 141. Although the streets to which this controversy relates adjoin a public square, it is not contended that the city is the owner of such square and on that account an abutting property owner.

We are unable to see any authority in the statute for compelling the defendant company to pay the value of the pavement between its rails, either to the old street car

company, whose rights have been completely forfeited, or to the city. Even if the old company had paid for such pavement, it was not, at the time defendant's track was laid, the owner of any property in or abutting the street, and therefore the city, whatever its rights with reference to the old company, is not the owner of such pavement otherwise than as it is the owner of all the pavement in the street. As already indicated, we find nothing in the statute requiring payment by the defendant company of the value of any pavement to the city claiming in its own right. As all the claims of abutting owners were allowed, we think the court gave to the plaintiff all the relief to which it was entitled, and the judgment is *affirmed*.