## LAWRENCE v. HOWELL.

1. **Jurisdiction:** RETURN OF SERVICE: DEFAULT. The provision of section 2870 of the Code, that default shall not be had until the court determines from an inspection of the record that notice has been given, is directory merely, and not jurisdictional, and where service has been actually made and the court grants a default, the fact that return of service had not been made at the time will not have the effect to render the judgment void.

*Appeal from Mahaska Circuit Court.*

THURSDAY, OCTOBER 9.

ACTION for an injunction to restrain the enforcement of a judgment. The judgment was rendered in the court below for $140 in an action of replevin brought by this defendant against Lawrence, the plaintiff in this action, and one Randall to replevy an organ. Lawrence had allowed Randall to leave the organ in his barn. Afterward Randall removed it, Lawrence at no time claiming any interest in it. Howell claiming to own the organ, and supposing that it was in Lawrence's custody, though claimed by Randall, sued out a writ of replevin against both Lawrence and Randall for the purpose of obtaining possession of it. But Randall had already removed the organ, and it was not found. Lawrence, supposing that no claim for a money judgment was made against him, made no appearance, and judgment was taken against him by default for the value of the organ, $140. The plaintiff claims that

the judgment was rendered without jurisdiction. The want of jurisdiction is alleged to consist in the fact that the judgment was rendered by. default, and there was no service of notice upon him and no return of service.

As to whether there was service of notice the evidence is conflicting, but it is undisputed that there was no return of service until nearly a year after the judgment was rendered. The court dismissed the plaintiff's petition, and rendered judgment for the defendant. The plaintiff appeals.

*John F. Lacey* for appellant.

*Bosquet & Ryan* and *Lafferty & Johnson*, for appellee.

ADAMS, J.—Section 2870 of the Code provides that "where no appearance is made default shall not be had until the court determines from an inspection of the record that notice has been given as required by the Code." ·

The record referred to must be a return of service. It is insisted, therefore, that a return of service is jurisdictional because there can be no determination from an inspection of a record which has no existence. The position is certainly plausible, but where service is actually made, it appears to us that jurisdiction is acquired so far as the person is concerned. The provision that default shall not be had until the court determines from an inspection of the record that notice has been given, is, we think, merely directory. It follows that the irregularity complained of did not have the effect to render the judgment void.

There being some evidence that service was actually made, the judgment must be

AFFIRMED.