WALTMEYER v. THE WISCONSIN, IOWA & NEBRASKA R'Y Co.

1. **Railroads**: APPEAL FROM CONDEMNATION PROCEEDINGS: NOTICE TO SHERIFF: WHAT IS SUFFICIENT. Where an appeal from proceedings condemning right of way for a railway was brought to the notice of the sheriff, and he directed his deputy to accept service of the notice of appeal for him, and it was accepted in due form in writing, to which the deputy signed the sheriff's name, *held* that there was a sufficient service of the notice upon the sheriff to sustain the appeal.

*Appeal from Hardin Circuit Court.*

FRIDAY, OCTOBER 24.

PROCEEDINGS for the condemnation of a right of way through certain land in Marshall county. An award was made by commissioners, but the plaintiff, being dissatisfied with the amount awarded, undertook to appeal to the circuit

court of the county. The defendant appeared and filed a motion to dismiss the appeal, the motion being based upon grounds stated as follows:

"1. No notice of the appeal was accepted by or served upon the sheriff of Marshall county, as provided by law.

"2. The court has no jurisdiction of this appeal, because no notice thereof was made upon the sheriff of Marshall county."

The court overruled the motion, and, a trial having been had, a larger amount was awarded by the jury than was awarded by the commissioners. The defendant appeals.

*J. M. Parker*, for appellant.

*Sutton & Childs*, for appellee.

ADAMS, J.—An appeal is taken from the commissioners' assessment by giving the adverse party and the sheriff notice in writing that such appeal has been taken. Code, § 1254. Precisely what was done in this case does not appear. But it is stated in the abstract that " the plaintiff caused a notice of an appeal, in due form of law, to be issued." It appears, also, that it was brought to the sheriff's attention, because it is shown expressly that he directed his deputy to accept service for him, and it was accepted by a due form of acceptance written upon the notice, to which the deputy signed the sheriff's name. We think that there is sufficient evidence that the written notice was given to the sheriff within the meaning of the statute. It is not necessary to determine what is the scope of the powers of a deputy sheriff, or whether giving notice to the deputy alone would have been sufficient. The sheriff in this case evidently regarded the notice as given to him, and he proceeded to act upon it by filing the proper papers in court, as the law provides.

AFFIRMED.