# WYLAND V. FROST.

1. **Appeal:** PRACTICE: OBJECTION NOT RAISED BELOW. An objection not shown by the record to have been raised in the court below cannot be heard in this court.

2. **Judgment:** JURISDICTION: SERVICE OF NOTICE: EVIDENCE TO OVERCOME OFFICER'S RETURN. The return of an officer showing the service of an original notice, even though not regarded as conclusive, should be deemed strong evidence of the facts as to which the law requires him to certify, and should ordinarily be upheld, unless opposed by clear and satisfactory proof. And in this case, where the return was supported by the positive testimony of the officer who made it, but was denied by the parties served and others, all of whom testified from memory only, after the lapse of three years, but their testimony was contradicted as to incidental facts, while that of the officer was corroborated by evidence that the notice was handed to him for service on the morning of the day when he claimed to have served the same, *held* that the evidence was insufficient to set aside a judgment rendered on the return.

*Appeal from Shelby District Court.* — HON. A. B. THORNELL, Judge.

FILED, SEPTEMBER 10, 1888.

THIS is an action in equity by which the plaintiff seeks to set aside a judgment at law against her on the ground that the justice of the peace who rendered the judgment had no jurisdiction of the plaintiff, because she was not at any time served with an original notice of the action. There was a decree dismissing the plaintiff's petition, and she appeals.

*Smith & Cullison*, for appellant.

*Macy & Gammon*, for appellee.

ROTHROCK, J.—The record of the action upon which the judgment was rendered is complete and in due form.

VOL. 75—14

| | |
|---|---|
| 75 | 209 |
| 91 | 451 |
| 75 | 209 |
| 99 | 363 |
| 75 | 209 |
| f109 | 337 |
| 75 | 209 |
| 128 | 70 |
| 75 | 209 |
| 135 | 327 |
| 75 | 209 |
| 138 | 362 |

It is true that counsel for appellant claim that the judgment is void because it was entered by default, and that no appearance was made for the plaintiff for more than an hour after the time named in the notice. This objection cannot be considered, because no such claim is made in the petition; and for aught that appears the first allusion to it is made in argument in this court.

The issue which was tried in the court below was that the return of the constable who served the original notice was false. The plaintiff sought to establish this fact by the testimony of herself and some four other witnesses. The return shows that the notice was personally served on the plaintiff and her husband on the twenty-sixth day of July, 1882, at Harlan, in Shelby county. The plaintiff and her husband and others testify that neither the plaintiff nor her husband was at Harlan on that day. None of these witnesses produced any record, memorandum or circumstances tending to verify or support their testimony. Their statements are founded upon mere recollection, and this suit was not commenced until about three years and a half after the judgment was rendered. On the other hand, we have the return of the constable who made the service, and his testimony, in which he states positively that he made the service at the house of plaintiff and her husband, at Harlan, on the day named in the return. He is corroborated by evidence that the notice was actually delivered to him for service on the morning of that day, and the plaintiff and her husband are contradicted in reference to incidental facts which tend to show that the claimed absence on the day of service was a mistake. A careful examination of the whole evidence in the case leads us to the conclusion that the district court correctly found that the evidence introduced by the plaintiff is not of that clear, conclusive and satisfactory character required to overthrow the return of the officer. It has been held in some jurisdictions that the only remedy for a false return of service is an action upon the bond of the officer claiming to have made the service. *Slayton v. Chester*, 4 Mass.

478; *Bott v. Burnell*, 9 Mass. 96; *Messer v. Bailey*, 31 N. H. 9; *White River Bank v. Downer*, 29 Vt. 332. But conceding the rule to be otherwise, for the purposes of this case, we think that the evidence of the plaintiff falls far short of establishing the falsity of the return. Upon grounds of public policy, the return of the officer, even though not regarded as conclusive, should be deemed strong evidence of the facts as to which the law requires him to certify, and should ordinarily be upheld, unless opposed by clear and satisfactory proof. *Jensen v. Crevier*, 33 Minn. 372; *Starkweather v. Morgan*, 15 Kan. 274; Wade, Notice, sec. 1380.

AFFIRMED.