C. W. HOITT AND THE MERCHANTS SAVINGS BANK v. E. W. SKINNER, et al., Appellants.

**Original Notice:** NAMING TERM. The requirements of McClain's Code, section 3804, that the original notice shall name the term at which defendant is required to appear, contemplates that the notice shall fix the term by name.

**Service of Original Notice:** JURISDICTION: *Copy.* Where an original notice, duly signed by plaintiff, or his attorney, is served without reading, and by delivery of copy which shows no such signature, the service does not confer jurisdiction to enter a default judgment.

**Setting Aside Default:** VOID ORIGINAL NOTICE. Where the service on defendant is insufficient to give the court jurisdiction to enter a default judgment, defendant is entitled to have a default judgment set aside, without pleading or offering to plead issuably and without complying with McClain's Code, section 4078, which requires that an affidavit of merit be filed and a reasonable excuse for default shown to authorize the court to set it aside

**Sheriff's Return:** EVIDENCE: *Public policy.* The sheriff's return of service of an original notice in a suit is not conclusive, but upon grounds of public policy it must be regarded as strong evidence of the facts to which the law requires him to certify.

SAME. Where an original notice, duly signed by plaintiff's attorney, is served by a deputy sheriff, a return by the sheriff that a true copy was delivered, is overcome by an affidavit of the person served, that the copy delivered did not show the original to have been so signed.

*Appeal from Woodbury District Court.*—HON. A. VAN WAGENEN, Judge.

MONDAY, OCTOBER 19, 1896.

ON the first day of September, 1894, the plaintiff took a personal judgment by default upon certain promissory notes and a decree of foreclosure upon a certain mortgage against the defendants E. W. Skinner, John Hornick, and the Interstate Investment Company, for eighteen thousand, eight hundred and six dollars and twenty-two cents, and two hundred and twenty-eight dollars attorney's fee, and ten dollars and eighty cents costs. On the —— day of October, 1894, the defendants E. W. Skinner and the Interstate Investment Company filed a motion, supported by affidavits, to set aside said default and judgment, upon the ground that they were entered "upon a supposed state of facts which did not in fact exist, and upon an insufficient service of notice." On October 30, 1894, said motion was overruled, and from that ruling the defendants E. W. Skinner and the Interstate Investment Company appealed.—*Reversed.*

*Lewis & Beardsley* for appellants.

*Joy, Call & Joy* for appellees.

GIVEN, J.—The record shows that an original notice, in due form, and signed "Joy, Call & Joy, Attorneys for the Plaintiff," was delivered to the sheriff to be served. The sheriff's return shows that on the tenth day of August, 1894, "I served E. W.

Skinner, and on the 10th day of August, 1894, I served the Interstate Investment Company, by E. W. Skinner, vice-president of said company, by reading said notice to each one of them personally, and then and there delivering to each one of them a true copy of the same, —all done within Woodbury county, Iowa. [Signed] W. C. Davenport, Sheriff of Woodbury Co., Iowa." The affidavit of E. W. Skinner, filed in support of said motion, states as to the service as follows: "That on the 10th day of August, 1894, one Pecaut, a deputy sheriff of Woodbury county, Iowa, pretended to make service of the original notice in said cause upon me as the defendant E. W. Skinner, and also as vice-president of the defendant, the Interstate Investment Company; that said officer at said time did not read to me the said pretended original notice, either for myself as defendant, or for the defendant the Interstate Investment Company; that he gave to me, as and for copies of said pretended original notice, two certain papers, one of which is hereto attached and marked as 'Exhibit A'; that the other paper which he gave to me was in all respects an exact copy of 'Exhibit A.'" He further states that there was no other service of said notice made upon him. W. D. Turner makes affidavit that he was secretary and treasurer of said appellant company, and that no service of said notice was made upon him. The caption in the two papers delivered to Mr. Skinner showed the title of this cause, that it was in the district court of Woodbury county, "at Aug. term, A. D. 1894." They were true copies of the original notices, except in the conclusion, which is as follows: "And that unless you appear thereto and defend before noon of the second day of the next term of said court, commencing at Sioux City, Iowa, the —— day of ——, 189-, default will be entered against you, and judgment rendered thereon. Dated this —— day of ——, 189-. Attorney

for Plaintiff." It will be observed, that these copies did not show that the original was signed by plaintiff's attorneys. Appellants do not offer any showing of merits, or excuse for default, nor do they plead, or offer to plead, issuably.

II. The sheriff's return is not conclusive, but upon grounds of public policy, it must be regarded as strong evidence of the facts to which the law requires the officer to certify. *Wyland v. Frost*, 75 Iowa, 209 (39 N. W. Rep. 241). Appellee contends that, giving to the return the weight to which it is entitled, we should not find that the service was as stated by Mr. Skinner in his affidavit. We think differently. Mr. Skinner's statements are direct, positive, and as to a recent transaction. We cannot doubt but that the service was made by the deputy, and yet the return is signed by the sheriff himself, who, in all probability, had no personal knowledge as to the manner of the service. We are satisfied that the original notice was not read to Mr. Skinner, and that the only copies delivered to him were those set out with the motion. Appellant's contention is, that owing to those omissions in the copies, it is as though no notice whatever had been served, that the court was therefore without jurisdiction, and that the judgment is void, and may be set aside without pleading issuably, showing merits, and excusing the default, as provided in section 4078, McClain's Code. Appellee contends that it is, at most, a defective service, that the court had jurisdiction of the persons and subject-matter, that by the service, defendants were sufficiently advised as to the term at which they were required to appear, and that the default may not be set aside, except as provided in said section 4078. Section 3804, McClain's Code, provides that the original notice shall name the term at which the defendant is required to appear,

and this court has repeatedly held that the original notice should fix by name the term at which the defendant is required to appear. See *Boals v. Shules*, 29 Iowa, 507, and cases cited therein. If it may be said that the statement in the caption of these copies, that the case was "in the district court of Woodbury county, at August term, 1894," sufficiently informed appellants of the term to which they were required to appear, yet the fact remains that these copies did not show that the original was signed by the plaintiff or by his attorneys. Said section · 3804, provides that "actions in a court of record shall be commenced by serving the defendant with a notice signed by the plaintiff or his attorney," and section 3808 provides that this service may be by reading the notice to the defendant, and by delivering him personally a copy of the notice. In this case, we have seen that the notice was not read to the defendants, and that the only ground upon which to claim a service, is the delivery of these defective copies. These defendants had no information except as imparted to them by those copies, and they failed to show that the original was authenticated (as required by statute) by the signature of the plaintiff, or his attorneys. If it be said that by these copies the defendants were so informed as to the term at which they were required to appear that the omission to name the term in the body of the copies constituted but a defective service, yet the omission to show that the notice was signed by the plaintiff or his attorneys seems to us to entirely destroy their validity as notices. The requirement of the statute that the notice shall be authenticated by the signature of the plaintiff, or his attorneys, is certainly vital to the validity of the notice. It would hardly be contended that an original notice, however correct in form, not thus signed, would be a legal notice. Surely it

would be no notice; yet, in the absence of reading, that is just the kind of notice that these appellants were informed had been issued in this case. It has been held that a notice requiring an appearance at a date prior to the term is void, and confers no jurisdiction. *Haws v. Clark,* 37 Iowa, 355; *Genther v. Fuller,* 36 Iowa, 604. It has been held that a notice which does not advise defendant of the time and place, when and where he is required to appear, or notifies him to appear at a later date than that at which the proceedings are afterwards had, is not merely a defective notice, but is no notice, and confers no jurisdiction. *Lyon v. Vanatta,* 35 Iowa, 521; *Kitsmiller v. Kitchen,* 24 Iowa, 163. In *Irions v. Manufacturing Co.,* 61 Iowa, 406 (16 N. W. Rep. 349), it was held that where the notice was defective, in that the copy incorrectly states the date of the commencement of the term at which defendant is required to appear, the original being correct in that respect, the remedy of the defendant is to apply to the officer for the amendment of his return, showing the fact as to such copy, and then move to set aside the default, or, if the term, has expired, petition for a new trial, on the ground of having been prevented from making an appearance and interposing his defense. It may be, in view of all that appears in these copies as to the term at which appellants were required to appear, that they should have proceeded, as in that case, to correct the return in that particular; but that would not have remedied the omission of the signature. It seems clear to us that, unless the copies show that the original was authenticated by the signature of the plaintiff or his attorneys, the defendants were not bound to recognize it as a legal notice. They knew the notice only as shown by the copy, and surely, had the original been as these copies represented it to be, without signature, the court would have refused a

default and judgment. Because of this omission it seems to us that it is clearly a case of no service. Said section 4078 provides: "Default may be set aside on such terms as the court may deem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits be filed and a reasonable excuse shown for having made such default." In *Boals v. Shules, supra,* it was held, under section 3150 of the Revision, containing the same provision, that the section was only applicable to cases where default was actually made, and where the court has authority to render judgment thereon; that in a case where, in fact, no default has been made by the defendant, the court had no authority to enter judgment as upon default. It said: "This would be so when no service of notice is made. The judgment of the court would be without authority." In that case the notice required the defendant to appear on or before noon of the second day of the April term, commencing on the twelfth day of April, when in fact the term commenced on the eighteenth day. It was held that the default and judgment was without authority, and that the court had power upon its own motion, to set aside and expunge it from its record.

Our conclusion is that, because of the omission to show, in the copies served, that the original was signed by the plaintiff's attorneys, it is as though no notice had been served; that the court was, therefore, without jurisdiction to enter the default and judgment; and that the appellants were entitled upon their showing, to have the same set aside without complying with said section 4078 of McClain's Code.—REVERSED.