DAVID BRADLEY MANUFACTURING COMPANY, Appellant, v.
A. P. BURRHUS, Appellee.

**Appeal:** PRESENTATION OF ERROR. Where no objection to the form of a proceeding is raised in the District Court the question cannot be presented on appeal.

**Substituted service:** VACATION OF JUDGMENT. The statutory provisions regarding substituted service and return thereof are mandatory and will be strictly construed; and although the return of service is on its face correct, yet, if in fact false, the court acquires no jurisdiction to enter a default judgment, and the same may be set aside in a direct proceeding for that purpose.

**Jurisdiction of parties:** NOTICE. A party can be brought into court only as provided by statute, and no knowledge of the pendency of an action otherwise acquired will confer jurisdiction.

*Appeal from Buchanan District Court.*— HON. A. S. BLAIR,
Judge.

WEDNESDAY, JULY 3, 1907.

ACTION on a promissory note. The note was executed
by Daniel Arnold to plaintiff, and on the back thereof ap-
pears the name of defendant Burrhus as guarantor of pay-
ment. Both Arnold and Burrhus were named as defendants
in the petition, and Arnold was personally served with notice.
As to Burrhus, it is the return of the serving officer that the
notice was served " by leaving a copy thereof at the house of
said A. P. Burrhus, in Liberty township, Buchanan county,
with Mrs. Burrhus, his wife," etc. Arnold appeared and
filed answer and counterclaim. Burrhus did not appear;
he was adjudged to be in default, and judgment was entered
against him for the amount due on the note. In this sit-
uation, plaintiff dismissed as to the defendant Arnold.
Thereafter Burrhus appeared and moved that the default
and judgment against him be set aside, on this, among other
grounds: " That the court had no jurisdiction to enter
judgment against this defendant; there having been no
proper service and return of notice of the action upon him."
With the motion, the defendant presented a joint answer
denying liability on the note; the defendant Arnold
repleaded, insisting upon his counterclaim and demand for a
judgment in his favor. The motion to set aside was sus-
tained on the ground stated, and from such ruling plaintiff
appeals.— *Affirmed.*

*Cook & Cook,* for appellant.

*Warren Chase* and *E. B. Abbott,* for appellee.

BISHOP, J.— The motion was supported by an affidavit
to the effect that the residence of Burrhus at all the times in
question was in the incorporated town of Quasqueton, a town

situated within the boundary lines of Liberty township, in Buchanan county. The fact thus set forth was not denied by plaintiff, and on such affidavit, and the matters of record in the case, the motion was submitted. It is suggested by counsel for appellant in argument in this court that defendant had no right to proceed by motion; that his only remedy was by petition under Code, section 4091 *et seq.*, having relation to the vacation or modification of judgments after the term at which entered. We shall not enter upon a discussion of this question of practice. Plaintiff appeared to the motion as filed in the court below, and filed resistance based on the grounds: First, that the return of service as made was sufficient to confer jurisdiction on the court; second, that defendant not only had actual knowledge of the pendency of the action as against him, but had actual notice of the service of the original notice upon his wife at his place of residence, as stated in the officer's return. No question was made respecting the form of the proceeding, and, as the court had jurisdiction of the subject-matter and the parties, the objection as now presented in this court comes too late.

1. APPEAL: presentation of error.

The first question, then, with which we have to deal is, stated generally: Did the court have jurisdiction in fact to render the default judgment? While the question is not altogether free from difficulty, we are agreed that it should be answered, as it was answered by the court below, in the negative. To begin with, it is clear that essential to authority to proceed to judgment there must be not only service of notice, but a return of service. 18 Ency. of Pleading & Practice, 905. Now, as provided by statute, one method of making service of notice is by substitution; that is, by leaving a copy at the usual place of residence of the defendant with some member of his family, etc., when the defendant is not found within the county of his residence. Code, section 3518. And in respect of the required return, it must state at whose house

2. SUBSTITUTED SERVICE: vacation of judgment.

the copy was left, " and that it was the usual place of resi-
dence of the defendant, and the township, town or city in
which the house was situated, the name of the person with
whom the same was left," etc.   Code, section 3519.   These
provisions of statute must be considered mandatory in char-
acter.   The method of procedure is extraordinary in char-
acter, and allowable only because specifically authorized; and,
in common with other legislative acts which mark a departure
from the ordinary, the provisions must be strictly construed
in the sense, at least, that the operation thereof may not be
abridged or extended by the courts.   *Bell v. Stevens,* 116
Iowa, 451.

Now, it will be observed that on its face the return of
service indorsed on the notice here in question made showing
that all the requirements of the statute had been complied
with.   This being true, we have a case of false return, and
not a case of defective or incomplete return, as argued by
counsel for appellant.   And the return is confessedly false,
in that the place of residence of the defendant and the place
of making service was therein incorrectly stated.   From this,
the question takes on this specific form:   Is the failure of
an officer to correctly state the facts respecting a substituted
service made by him fatal to jurisdiction?   As ground for
questioning the validity of a judgment, a direct attack upon
the return of an officer is proper to be made under the rule
of this court.   *Wyland v. Frost,* 75 Iowa, 209; *Browning v.
Gosnell,* 91 Iowa, 448.   And it would seem that a denial
of jurisdiction ought to follow where, under an attack com-
ing thus, it is made to appear that the false statement was
of and concerning any matter made material by the statute
to perfect service.   Under the statute, substituted service
can be made in but one place, and that the place of residence
of the defendant.   If made elsewhere, it is of no effect.
And this was regarded of such materiality that the require-
ment was included that the officer must not only certify to the
fact of service as having occurred at the place, but he must

certify to the township, town, or city in which such place is located and can be found. As said in *Le Grand v. Fairall,* 86 Iowa, 211: " The statute is the only authority for a substituted service, and the facts to justify it must appear." It is not enough, therefore, that the copy of the notice was left at the right place, and with a proper person: the return must show the facts, and show them truthfully. It is the return upon which authority to proceed depends, and as the court would not enter a judgment upon a false return, if advised in advance, it should be free to set aside, as between the parties, at least, when subsequently the falsehood is made to appear. While not decided, we think that from the opinion in *Ketchum v. White,* 72 Iowa, 193, the plain inference may be drawn that the court took the view that, if a return of substituted service as made by an officer is false, the judgment, on direct attack, should be set aside. The case, however, went off on failure of proof to establish the falsity in the return as alleged. We have no need to consider the many cases called to our attention in which the effect of a defective or incomplete service or return is discussed. Most of them deal with instances of personal service, and, where substituted service is the subject, the question here made was not involved.

But counsel for appellant seem to think that the false statement of the return should not be regarded as fatal, inasmuch as the town of Quasqueton was situated within the limits of Liberty township, and hence in the material sense the service was in that township. In view of the language of the statute, this cannot be accepted as correct. As we have seen, the statute demands strict compliance, and an officer is not at liberty to act otherwise than as directed either as to service or return. Now, towns and townships are distinct entities, and it must be considered that the Legislature had a purpose in requiring that a return must state specifically in what particular township, town, or city service was made. We need not stop for extended inquiry in respect

of such purpose. It is enough that in authorizing an extraordinary proceeding the material requirements to valid action are set forth, and it is not for us to say that any one of these requirements so made material may be dispensed with without infraction of the legislative purpose and intention.

Coming to the second question as made in the case, it need only be said that, as the statute prescribes the method of bringing a party into the court, it can be done in no other way; and the cases are uniform to the effect that his knowledge otherwise acquired, of the pendency of the proceedings, is matter of no moment. He is not chargeable until he becomes a party, and he can be made a party only by proper service of notice or by voluntary appearance.

3. JURISDICTION OF PARTIES: notice.

On the considerations thus expressed, we reach the conclusion that the ruling of the trial court should be, and it is, *affirmed.*