JOHN BUCKMILLER, Plaintiff and Appellee, v. CRESTON, WINTERSET & DES MOINES RY. Co., Defendant and Appellant. H. J. HARBOUR, Defendant.

**Condemnation of property:** APPEAL: NOTICE: SERVICE: PARTIES: JURISDICTION. The fact that notice of appeal from the award of a sheriff's jury in condemnation proceedings is required by the statute to be served upon the sheriff does not make him a party to the suit, nor prevent him from serving notice on the adverse parties; and where the notice of appeal, sufficient in substance, was addressed to the adverse party and also to the sheriff who accepted service for himself, and which was properly served in due time upon the adverse party, the court acquired jurisdiction.

**Same:** NOTICE OF APPEAL: SERVICE: RETURN: AMENDMENT: JURISDICTION. It is the fact of service of notice of appeal and not the form of proof of service that confers jurisdiction; and although the return of a sheriff may show that without authority so to do he served the same as sheriff, he may, after a motion to dismiss the action on that ground, amend his return to show that he served it as an individual, proving the service by affidavit, and thus give the court jurisdiction.

**Same:** NOTICE OF APPEAL: PARTIES: PREJUDICE. The fact that a sheriff, who conducts condemnation proceedings, was included and named in the notice of appeal as a defendant did not make him a party to the suit; nor will such fact alone disqualify him from serving the notice: and the defendant cannot complain that he

was thus included rather than named in and served with a separate statutory notice, on the ground that it was prejudicial.

*Appeal from Adair District Court.*—HON. J. H. APPLEGATE, Judge.

TUESDAY, MARCH 24, 1914.

THIS case involves the sufficiency of the service of notice of appeal from the action of the sheriff's jury in assessing damages to plaintiff's property, in a proceeding instituted by the defendant in which it condemned a right of way over plaintiff's land for railway purposes. Defendant's motion to dismiss the appeal made in the district court for want of sufficient notice of appeal having been overruled, defendant appealed.—*Affirmed.*

*Brown & Johnston,* for appellant.

*Geo. D. Musmaker,* for appellee.

GAYNOR, J.—On the 26th day of October, 1912, the plaintiff filed in the district court of Adair county his notice of appeal from the award of commissioners, appointed by the sheriff of said county, to assess the damages for the taking of the right of way by the defendant; the plaintiff being the owner of the premises through whose land the right of way passed, and the one affected by the assessment. When the cause reached the district court, defendant objected to the jurisdiction of the court, on the ground that the notice of the appeal was insufficient to give the court jurisdiction of the defendant, and insufficient to give the court a right to hear and determine the questions raised by the appeal.

It appears, from the record, that the objection goes to the return of service, or the evidence of service. The notice

was addressed to this defendant, and to H. J. Harbour, as
sheriff. Harbour was the sheriff of the
county, and the one who appointed the com-
missioners who made the assessment. Harbour
served the notice of appeal, and his return of
the service is signed, "H. J. Harbour, Sheriff of Adair
County," and recites that service was made on the defendant
on the 25th day of October, 1912.

1. CONDEMNATION
OF PROPERTY:
appeal: notice:
service: par-
ties: jurisdic-
tion.

On the 9th day of November, 1912, this defendant filed
its motion to dismiss the appeal, on the ground that the court
had no jurisdiction; that there was no sufficient service of
notice to give jurisdiction. Thereupon Harbour amended
his return to the notice. The amended return showed that
he served the notice as an individual, and not as sheriff, and
signed and swore to it as an individual, and not as sheriff
of the county. This was done on the 14th day of November,
1912, his return being as follows:

State of Iowa, Adair County—ss.: I, Harry J. Harbour,
being first duly sworn, on oath state that the foregoing no-
tice of appeal came into my hands for service on the 25th day
of October, 1912, and I served the same on the Creston, Win-
terset & Des Moines Railroad Company by offering to read
the same to R. Brown, president thereof, which he waived,
and delivering to him a true copy of the same and that I
served the same on said company by offering to read the same
to R. Brown, attorney for said company, which he waived,
and delivering to him a true copy of the same.. All done this
25th day of October, 1912, at Creston, Union county, Iowa.
[Signed] H. J. Harbour.

Subscribed and sworn to before me this 14th day of
November, A. D. 1912, by Harry J. Harbour.

Thereafter, and on the 26th day of November, 1912, the
court made its ruling on the motion to dismiss, and the same
was by the court overruled. On the 24th day of January,
1913, the defendant filed a motion for a supplemental ruling

on the motion theretofore filed; the motion for the supplemental ruling being as follows:

Comes now the defendant the Creston, Winterset & Des Moines Railroad Company and renews its motion to dismiss plaintiff's appeal heretofore filed in this cause, and states the following reasons therefor:

(1)  That in its motion heretofore filed it stated, First, that no legal notice of appeal was served on the defendant railroad company within the time required by the statutes of Iowa, and, second, that the time within which notice of appeal may be served had expired, and, third, that the court had no jurisdiction. All of which appears from defendant's motion on file.

(2)  That in the first paragraph of the original motion this defendant contended against, not only the form of the notice and the time of the pretended service, but also that no service in law was in truth or in fact made, as shown by the returns; the same having been served by the sheriff beyond the jurisdiction of his county.

(3)  That the court, in rendering its opinion on said motion, does not pass upon the legality of the notice, in that it does not determine whether or not the service as shown by the record, and more particularly the returns thereof, constitutes a legal and valid service in law.

Therefore this defendant renews its motion, and asks that the court render a supplemental opinion passing upon the issues presented in paragraph third above.

This motion was also by the court overruled, and, from these rulings, the defendant appeals, and assigns error.

Section 2009 of the Code provides in cases of this kind:

Either party may appeal from such assessment to the district court, within thirty days after the assessment is made, by giving the adverse party, or, if such party is a corporation, its agent or attorney, and the sheriff notice in writing that such appeal has been taken. The sheriff shall, thereupon, file a certified copy of so much of the appraisement as applies to the part appealed from, and the court shall try the same as an ordinary proceeding. The landowner shall be plaintiff, and the corporation, defendant.

In a controversy of this sort, there are but two parties interested in the result—the party who seeks to condemn, and the party whose property is taken by the condemnation proceedings. The party whose property is taken has the right of appeal under the statute above set out, and his appeal is taken by serving notice upon the adverse party, or, if such adverse party is a corporation, upon its agent or attorney. Notice must also be served upon the sheriff by whom the commissioners were selected. The notice must be in writing. The sheriff, in no sense, is a party to, or interested in, the appeal. He can be in no way affected by the appeal. The notice to be served on him is required, presumably, for the reason that he is, under the law, required to file a certified copy of so much of the appraisement as applies to the part appealed from.

In this case, however, the notice was addressed to the defendant in this suit, and also to the sheriff. The notice was served on the defendant. The sheriff accepted service for himself, as sheriff. The service was made in due time, and is sufficient to give the court jurisdiction, if the proof of service was sufficient under the law to make the fact of service appear.

The notice as first returned was signed by Harbour, as sheriff, and was not sworn to. It was upon this record that the first motion to dismiss was made, and it was urged in that motion, not only that he was a party to the suit, and therefore incompetent to make service, or proof of service, but also that, as sheriff he had no authority under the law, to serve a notice out of his own county. But, before the ruling was made upon the motion, this return was amended to show that he served the notice in his individual capacity, and not as sheriff, and this return was sworn to.

2. SAME: notice of appeal: service: return: amendment: jurisdiction.

Section 3516 provides: "Notice may be served by any person not a party to the action."

Section 3524 provides: "If service is made within the state, the truth of the return is proven by the signature of

the sheriff or his deputy, and the court shall take judicial notice thereof. If made . . . by one not such officer within the state, the return must be proven by the affidavit of the person making the same.''

There is no question but that Harbour, although sheriff in fact, had a right to serve the notice as an individual, and that such service would be legal. The proof of the service, however, must be made by his affidavit. His signature alone does not prove the service. Any individual may make service of original notice anywhere within the state; but the fact of service is proven by his affidavit, attached to the service, reciting the fact of service. It is the fact of service that gives jurisdiction. The proof establishes the fact of service. Proof, made in the way the statute requires, is sufficient to give the court jurisdiction, for it is sufficient proof of actual service.

There is no question that Harbour had a right to amend the return so as to state the fact as to how the service was made. Indeed, he could have been required to do so, if a question arose as to the correctness of the return. As stated before, it is the fact of service that gives jurisdiction. The evidence of the service may be insufficient; but, if the notice was actually served, as required by law, and by one authorized, the return may be corrected, if it can be done so truthfully, to show the fact of service, and if, after amended, it appears that the person was properly served with notice sufficient to bring him within the jurisdiction of the court, the notice is sufficient to give that jurisdiction, and the court may thereupon assume jurisdiction of the party and the subject-matter of the suit, because then the evidence before the court makes it appear that the defendant, by proper process, has been brought within, and is within, and under, the jurisdiction of the court. See *Brown v. Petrie*, 86 Iowa, 581; *Hoyt v. Brown*, 153 Iowa, 324.

The fact that Harbour was named in the notice, with the defendant, does not make him a party to the suit, disqualify-

ing him from making the service of the notice. He nowhere

3. SAME: notice of appeal: parties: prejudice.

appears as a party to the suit except in the notice. He is not, in fact, a necessary or a proper party. He is not affected by or interested in the controversy, or affected in the least by a determination of the controversy. The defendant was, in no way, prejudiced by the insertion of his name in the notice served upon the defendant, nor by the fact that he accepted service of the same notice. Service on him was necessary because the statute requires it; but the service is not for the purpose of making him a party to the controversy. The defendant is no more prejudiced by this manner of service than it would have been had a separate notice been served on Harbour. As said by the trial court in ruling upon the motion: "It might possibly be the better practice to give the notice to the corporation, and a separate notice to the sheriff; but the fact that both parties were notified by the same written instrument ought not to be construed as making the sheriff a defendant in the suit appealed." See *Waltmeyer v. Wisconsin, Iowa & Nebraska Ry. Co.,* 64 Iowa, 688.

That the sheriff who conducts proceedings for the condemnation of a right of way is not a party to the proceedings, see *Chicago, R., I. F. & N. W. Ry. Co. v. Chicago, M. & St. P. Ry. Co.,* 60 Iowa, 35.

We see no error in the ruling of the court, and the case is —*Affirmed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.