THOMPSON BROTHERS et al., Appellants, v. P. PHILLIPS et al.,
Appellees.

**ORIGINAL NOTICE: Service—Return by Deputy.** When service of
1   an original notice is made by a deputy sheriff, the return is all-sufficient when made in the name of the sheriff by the deputy *in his name.*

**ORIGINAL NOTICE: Proof of Service—Presumption and Burden of**
2  **Proof.** Principle reaffirmed that a strong presumption of correctness attends a return of service made by the proper officer, and that the attacking party must overcome such presumption by very clear evidence.

*Appeal from Webster District Court.*—G. D. THOMPSON, Judge.

NOVEMBER 19, 1924.

ACTION in equity, to set aside a judgment. The facts are stated in the opinion. From a decree denying relief to part of the plaintiffs, they appeal.—*Affirmed.*

*Mitchell, Files & Mulholland,* for appellants.

*George H. Bradshaw,* for appellees.

VERMILION, J.—This is an action in equity, the ultimate purpose of which is to set aside a judgment by default, rendered against the appellants and in favor of the appellee Phillips. The judgment so attacked was rendered against appellants, Thompson Brothers and William Thompson, and Robert Thompson. The decree below granted relief to Robert Thompson, and no question is raised here as to the propriety of that action.

Two propositions are urged by appellants in support of their contention that the judgment against them should be set aside: (1) That the return of service upon an original notice purporting to show service on appellants, which was the basis of the judgment, is defective, and conferred no jurisdiction upon the court to render judgment against them; (2) that there was no service in fact upon either of the appellants. It is not questioned that the facts as to the manner of service stated in the return, if true, show good service. The return, so far as material to the present inquiry, is as follows:

"State of Iowa, Webster County ss. I, George S. Bassett, sheriff of said county do hereby certify and return that the within notice came into my hands on the 16th day of December 1921, and that I personally served said notice * *."

The manner of service is then stated. The return is signed: "Geo. S. Bassett, Sheriff of Webster County, Iowa. By W. C. Woolsey, Deputy."

The precise objection made, as we understand it, is that the return states that the sheriff personally served the notice, and that it is signed by the deputy. If service was made, it is unquestioned that it was in fact made by the deputy, Woolsey. We think the objection to the return is without merit. The statute, Section 3520, Code of 1897 (Section 11062, Code of 1924), provides:

1. ORIGINAL NO-
TICE: service:
return by deputy.

"If the notice is placed in the hands of a sheriff, he must note thereon the date when received, and proceed to serve the same without delay in his county, and must file the same, with his return thereon, in the office of the clerk of the court where the action is pending, or return the same by mail or otherwise to the party from whom he received it."

The sheriff is authorized by statute to appoint deputies, for whose acts he shall be responsible. Section 510, Code of 1897 (Section 5238, Code of 1924). The act of the deputy is the act of the sheriff; he has no original power, but acts as the representative or agent of the sheriff, who is the principal. *Heading-ton v. Langland*, 65 Iowa 276. It will be noted that the statute requires the sheriff to make the return, although the deputy is authorized to make the service. In *Gray v. Wolf*, 77 Iowa 630,

a return signed "By J. R. Myers, Deputy, J. W. Workman, Sheriff," was held good. It was said: "This was a service by Myers as deputy of Workman, sheriff."

"A deputy sheriff, not being known to the court, and being deemed to act, not for himself, but for the sheriff, should sign a return in the name of the sheriff, by himself as deputy, or should designate the sheriff for whom he purported to act." 32 Cyc. 500.

"The act and return of a deputy is a nullity, unless done in the name and by the authority of the sheriff." *Reinhart v. Lugo,* 86 Cal. 395 (24 Pac. 1089).

See, also, *Ditch v. Edwards,* 2 Ill. 127 (26 Am. Dec. 414), and note in the latter publication. The return was properly made in the name of the sheriff and signed in his name by the deputy.

Whether there was, in fact, any service of the original notice, is a question of some difficulty. The service claimed, and as shown by the return, is personal service on appellant William Thompson individually, and as a member of the partnership. The return is not conclusive, but is strong evidence of the facts as to which the law requires the officer to certify, and should ordinarily be upheld, unless contradicted by clear and satisfactory proof. *Wyland v. Frost,* 75 Iowa 209; *Hoitt v. Skinner,* 99 Iowa 360; *Miller v. Minneapolis & St. L. R. Co.,* 119 Iowa 41; *McWilliams v. Robertson,* 180 Iowa 281.

2. ORIGINAL NO-TICE: proof of service: presumption and burden of proof.

William Thompson testified that no original notice in the action in which the judgment was rendered was served upon him. The circumstances shown in evidence, that appellee's claim was in the hands of an attorney for collection, and that negotiations between the attorney and appellants and their attorney for an adjustment had extended beyond the date of the alleged service on December 16, 1921, and the rendition of the judgment in January following, may be said to corroborate him to some extent. There is testimony, however, that in June he admitted that the notice had been served on him in the winter. He denied making such an admission. There are other conflicts in the testimony, involving attorneys for both parties, who testified on

behalf of their respective clients to collateral matters having some bearing on the main question. No useful purpose would be served in setting out this testimony.

While the case is before us for trial *de novo*, it is peculiarly one where the trial court, having the witnesses before him, enjoyed an advantage over our perusal of the printed record, and where we feel justified in giving some weight to his conclusion on the question of fact presented. Having regard to the character of proof required of appellants to overcome the officer's return, upon a careful consideration of the whole record we think they did not successfully carry the burden imposed upon them, and that the judgment must be, and it is,—*Affirmed.*

ARTHUR, C. J., and EVANS and STEVENS, JJ., concur.