CORNELIUS COSTER et al., Appellees, v. G. B. JENSEN, Appellant.

No. 42524.

NOVEMBER 13, 1934.

James F. Page, and Korf & Korf, for appellant.

Henry Silwold, for appellees.

KINTZINGER, J.—This is an action to set aside a judgment of $2,921 and decree of foreclosure entered on October 14, 1931, against the plaintiff Phearman, in an action wherein G. B. Jensen, defendant herein, was plaintiff, and Charles H. Phearman, one of the plaintiffs herein, was defendant. The petition, as amended, alleges that the judgment referred to was obtained by default, upon substituted service alleged to have been made by J. F. Page, attorney for the plaintiff in the former action; that the return of service does not state (1) that the place of service was in the usual place of defendant's residence, (2) does not name the township where the service was made, and (3) does not state that said Phearman was not found in the county of his residence. No other service was ever made upon the defendant, and he did not appear in that action. The petition also alleges that during the entire day the purported service was made, on July 27, 1931, the defendant, Phearman, was in Jasper county, Iowa. The court below canceled and vacated the judgment and decree entered in the former action, on the ground that the court had no jurisdiction for want of a valid service of notice in the former action.

The only question presented upon this appeal is whether or not a valid substituted service of the notice in the former action was ever had upon said Phearman.

The return of service was made by James F. Page, an attorney for the plaintiff in that action, and attempted to show a substituted service. It is conceded that the first return of service was defective. At the trial of the instant case, the defendant here amended his return for the purpose of showing that service was in fact made. The amended return states that Page "served the * * * notice upon Charles H. Phearman, * * * by leaving a true copy * * * at the house of said Charles H. Phearman, his usual place of residence * * * with Mabel Phearman, his wife, a member of his family over fourteen years of age, on July 27, 1931, in Des Moines Township, Jasper county, Iowa, *said defendant not being found in said county.*"

Appellant contends that the court had jurisdiction because the amended return shows that there was in fact a substituted service, as authorized by statute. It is the settled law in this state that it is

the *fact* of service, and not the return, that gives jurisdiction, and that, if the fact of service is shown by an amendment to the return or otherwise, the court has jurisdiction. Mintle v. Sylvester, 197 Iowa 424, 197 N. W. 305; Buckmiller v. Creston Ry. Co., 164 Iowa 502, 146 N. W. 447; Lawrence v. Howell, 52 Iowa 62, 2 N. W. 617.

In the absence of more, this contention would be good, but appellee contends that the substituted service must be made in accordance with the statute authorizing it. The law authorizing substituted service provides: *"If defendant is not found within the county of his residence,* \* \* \* service may be had, by leaving a copy of the notice at his usual place of residence with some member of his family over fourteen years of age."* Code section 11060, par. 2. Substituted service is, therefore, authorized only, *"if defendant is not found within the county of his residence"*. This clearly implies that at least some effort to find the defendant should be made in the county of his residence. Of course, in the absence of a showing to the contrary, a return showing that a defendant was not found in the county of his residence would be sufficient. The undisputed evidence, however, shows that the defendant, at the time of the purported service, *was* in the county of his residence, and that Mr. Page, who attempted to serve the notice, was then informed by Mr. Phearman's wife that her husband was over at Mr. DeReus' that afternoon threshing, and that he was there at the time Mr. Page was at her house to make the service, on July 27, 1931. Mr. DeReus and other farmers threshing at his place that day all testified that Mr. Phearman was at the DeReus place that afternoon helping thresh. The record shows that the place where Phearman was threshing was only about one mile from his home in the same county.

It is the settled rule of law that the return of service on an original notice is presumed to be correct, and can be overcome only by clear and convincing evidence to the contrary. Appellee claims, however, that if the defendant was in fact in the county of his residence and could have been readily located, and if the person making the service knew of his whereabouts but made no effort whatever to serve him personally, then the fact of service has been successfully impeached.

It is the settled rule of law that the return of service on the original notice is not conclusive and may be overcome by clear and convincing evidence disclosing its falsity. 21 R. C. L. 1321; Hoitt

v. Skinner, 99 Iowa 360, 68 N. W. 788; Thompson Bros. v. Phillips, 198 Iowa 1064, 200 N. W. 727; Town of Casey v. Hogue, 204 Iowa 3, 214 N. W. 729; Wyland v. Frost, 75 Iowa 209, 39 N. W. 241; Browning v. Gosnell, 91 Iowa 448, 59 N. W. 340; Des Moines C. & C. Co. v. Marks Inv. Co., 197 Iowa 589, 195 N. W. 597, 197 N. W. 628.

The statute permitting substituted service must be substantially complied with, and if a defendant is actually in the county, and knowledge of his whereabouts is known to the serving officer, it is at least necessary to make a reasonable effort to locate him, and the service is invalid if his location can in fact be readily discovered. 50 C. J. 491; State v. Allen, 100 Iowa 7, 69 N. W. 274; Bradley Mfg. Co. v. Burrhus, 135 Iowa 324, 112 N. W. 765; Nibeck v. Reidy, 171 Iowa 54.

In Bradley Mfg. Co. v. Burrhus, supra, loc. cit. 327, this court said:

"The method of procedure is extraordinary in character, and allowable only because specifically authorized; and, in common with other legislative acts which mark a departure from the ordinary, the provisions must be strictly construed in the sense, at least, that the operation thereof may not be abridged or extended by the courts."

In Nibeck v. Reidy, supra, loc. cit. 56, substituted service was made upon defendant by serving notice on her husband in Stanley, Iowa. The court there said:

"At the time the notice was served on this plaintiff in the original suit, she was residing on a farm, with her husband, some distance from the town of Stanley, and in a different township. There was therefore no legal service on the plaintiff of the pendency of this action, giving the court jurisdiction of her person, and the judgment therefore, as to her, was absolutely void for want of jurisdiction."

If the statute is not complied with, it is of no avail that defendant has actual knowledge of the action. 50 C. J. 491; Carroll v. Muller, 31 Ga. App. 209, 120 S. E. 548; Park Land Co. v. Lane, 106 Va. 304, 55 S. E. 690.

In Thornily v. Prentice, 121 Iowa 89, loc. cit. 92, 96 N. W. 728, 100 Am. St. Rep. 317, the court said:

"This court is fully committed to the doctrine that a judgment without jurisdiction is not merely voidable, but absolutely void, and may be denied or contested in any proceeding, direct or collateral, in which a party seeks to assert a right under such pretended adjudication. In other words, a void judgment is no judgment, and its record does not estop the defendant therein from denying its binding force or effect whenever and wherever it may be asserted against him. Kitsmiller v. Kitchen, 24 Iowa 163; Lyon v. Vanatta, 35 Iowa 521; Jordan v. Brown, 71 Iowa 421, 32 N. W. 450; Hubner v. Reickhoff, 103 Iowa 368, 72 N. W. 540, 64 Am. St. Rep. 191; McAllister v. Johnson, 108 Iowa 42, 78 N. W. 790. * * * If there was no service of original notice upon the appellee, and no authorized appearance in his behalf in the appellant's foreclosure proceedings, he may, in this action, rightfully deny the validity of the judgment there rendered against him, and contest the alleged judgment lien against his land. That there was in fact no service of notice subjecting his person to the jurisdiction of the court is made very clear."

In Bradley Mfg. Co. v. Burrhus, supra, loc. cit. 327, we said:

"As ground for questioning the validity of a judgment, a direct attack upon the return of an officer is proper to be made under the rule of this court. Wyland v. Frost, 75 Iowa 209, 39 N. W. 241; Browning v. Gosnell, 91 Iowa 448, 59 N. W. 340. And it would seem that a denial of jurisdiction ought to follow where, under an attack coming thus, it is made to appear that the false statement was of and concerning any matter made material by the statute to perfect service. Under the statute, substituted service can be made in but one place, and that the place of residence of the defendant. If made elsewhere, it is of no effect. * * * 'The statute is the only authority for a substituted service, and the facts to justify it must appear.' * * * It is the return upon which authority to proceed depends, and as the court would not enter a judgment upon a false return, if advised in advance, it should be free to set it aside, * * * when subsequently the falsehood is made to appear." Ketchum v. White, 72 Iowa 193, 33 N. W. 627.

In the instant case the falsity of the amended return is clearly shown by the evidence. The amended return shows that the defendant was not found in the county of his residence. The testimony shows that the defendant was in the county not far from his home,

and that the person making the service knew where he could be found. That he was advised at the time he attempted to make the substituted service, that the defendant was at one of the neighbors helping thresh, not more than a mile away, in the same county, is not denied. Notwithstanding this knowledge, he made no effort whatever to serve the notice upon the defendant. It will not do to say that there can be a substituted service where the person attempting to make the service has actual knowledge of the defendant's whereabouts, and that he can be located within a few minutes time at one of the neighbors, in the same county. To hold that the purported service is sufficient, under the record in this case, would in all cases permit substituted service, although personal service could readily be made, because of the officer's knowledge of defendant's whereabouts on adjoining property in the same county. It is our conclusion, under the record in this case, that the fact of service has not been established; it is also our conclusion that the presumption of service arising from the amended return has been successfully overcome.

The lower court held that there was no valid legal service upon the defendant, Phearman, in the former case, and canceled and vacated the judgment and decree entered therein. We are constrained to hold that the ruling of the lower court is right, and the judgment and decree is hereby affirmed.

MITCHELL, C. J., and STEVENS, ANDERSON, and CLAUSSEN, JJ., concur.