LILLIAN GELVIN, Appellee, v. S. C. HULL, Appellant.

No. 45046.

1150

E. N. Farber and R. A. Rockhill, for appellee.

Boardman & Cartwright and Harry Druker, for appellant.

Sager, J.—Plaintiff concedes that appellant's statement of the facts is correct so we adopt it in condensed form. Defendant lives in Wisconsin. The case is based upon plaintiff's claim that she sustained injuries in a collision with defendant's car on one of the highways of this state. Service of notice was made in attempted compliance with section 513 et seq. of chapter 134, Acts of the Forty-seventh General Assembly, now section 5038.01 et seq., Code, 1939. Defendant's special appearance was based upon defects in plaintiff's notice. Before it was submitted the action was dismissed without prejudice, apparently because plaintiff conceded merit in appellant's contention.

Plaintiff then recommenced her action filing another petition in the language of the first. A new notice was served under the cited statute, correcting the defects of the first. Defendant again filed a special appearance, this time on the ground that the plaintiff was barred from securing jurisdiction except by personal service as provided by section 5038.14, 1939 Code. This reads as follows:

"The dismissal of an action after the nonresident has appeared under the substituted service herein authorized, shall bar the recommencement of the same action against the same

defendant unless said recommenced action is accompanied by actual personal service of the original notice of suit on said defendant in this state."

It will be observed that this provides that "after the non-resident has appeared" the plaintiff shall be barred from a "recommencement of the same action * * * unless" by personal service of the defendant in the state. We have then to decide whether a special appearance serves as a bar, or whether the statute should be construed to mean (though it does not say so) that the defendant must have made a *general* appearance before the statute operates. Appellee's position cannot be sustained except by adopting the latter alternative. The trial court took this view but we think it was in error.

We are met at the threshold of inquiry by the provisions of section 64, 1939 Code. This provides as follows:

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice."

Does this section require us to search for and find the intent of the legislature to such purpose that we must conclude that the legislature had in mind something it did not say? The section under consideration might well have contained the word "general" but it does not. Notwithstanding, we are asked to adopt a construction which compels us to put it in. This we decline to do. Section 64 of the Code has been in the codes since 1851. We had occasion to deal with its purport and effect. We have consistently held to a strict construction of statutes where jurisdiction depended upon substituted service. See Thompson v. Butler, 214 Iowa 1123, 243 N. W. 164; Coster v. Jensen, 218 Iowa 1215, 257 N. W. 303; Jermaine v. Graf, 225 Iowa 1063, 283 N. W. 428. We see no reason why we should depart from that rule here.

The legislative history of a special appearance bears di-

rectly upon the question before us. This makes unnecessary an investigation of how courts of other jurisdictions have regarded appearances, general and special, though we have made an excursion into that field. This subject, special appearance, made its first appearance as subdivision 3, section 2840, Revision of 1860. This reads as follows:

"By an appearance, even though specially made, by himself or his attorney, for any purpose connected with the cause; or for any purpose connected with the service, or insufficiency of the notice. And an appearance, special or other, to object to the substance or service of the notice, shall render any further notice unnecessary, but may entitle the defendant to a continuance, if it shall appear to the court that he has not had the full timely notice required, of the substantial cause of action stated in the petition. * * *"

It will be seen that the special appearance differed from the general only in this—under the former, the defendant might be entitled to a continuance where it might not be claimed under the general. This statute appears in substantially the same language as section 2626, Code, 1873; and section 3541, Code, 1897. This law continued unchanged until July 4, 1911, when, by an act of the Thirty-fourth General Assembly, chapter 162, a special appearance took on the qualities it has now. Thus for more than half a century the term "appearance" included special and general alike.

It must be assumed, we think, that the legislature was familiar with the history of its own laws, and that when it enacted section 5038.14, it did so with the nature of the special appearance in mind. Appellee seeks to avoid the foregoing by citing cases to the effect that an action is not commenced until the notice is served—that the filing of the petition does not have that result. The cited cases decided before chapter 162, Acts of the Thirty-fourth General Assembly, went into effect could not, of course, pass upon the question before us, and none decided since undertakes to do so. These are appellee's citations of cases of a date later than 1911: Hueston v.

Preferred Acc. Ins. Co., 184 Iowa 408, 168 N. W. 150; Gardner v. Beck, 195 Iowa 62, 189 N. W. 962; Sioux County v. Kosters, 194 Iowa 1300, 191 N. W. 315; Bird v. Nelson, 216 Iowa 262, 249 N. W. 393; Ohden v. Abels, 221 Iowa 544, 266 N. W. 24. None assume to pass on the statute now under consideration.

In this case a notice was in fact served. That through oversight or inadvertence it may have been defective does not alter the · fact. Defendant made an appearance within the legislative definition of that term, as we have defined it. Appellee must have believed she had *commenced* an action or she would not have gone to the trouble of entering upon the record a formal dismissal of an action which had never been commenced. Appellee argues that by invoking the bar of section 5038.14, defendant tendered a triable issue thereby putting himself within the jurisdiction of the court. This view cannot be sustained. If, by raising the question which this special appearance presents, the nonresident places himself in the position of having made a general appearance, the statute becomes a nullity.

This opinion has already reached an undue length but we extend it somewhat further to call attention to the possible effect of a construction such as the one for which appellee contends. Under it a nonresident could be harassed by as many notices and dismissals as the plaintiff might conceive necessary to wear down the nonresident to the point where he would rather pay than repeat appearances. Such a course might well invite retaliatory legislation in other states such as to make life a burden to the unhappy Iowa citizen who met with an accident on the highways of another state.

We hold that the special appearance of the defendant now before us should have been sustained. The cause is accordingly reversed.—Reversed.

RICHARDS, C. J., and HALE, BLISS, and MILLER, JJ., concur.

OLIVER, J., dissents.

HAMILTON and MITCHELL, JJ., join in dissent.

OLIVER, J. (dissenting)—I respectfully dissent. The major-

ity opinion lists the two kinds of appearances as (1) general appearance and (2) special appearance. I think this is erroneous. It is true the term "general appearance" is frequently used by courts and lawyers to indicate an appearance for all purposes. However, as far as I know the term "general appearance" has not been employed in the statutes of Iowa. The appearance statutes, Code sections 11087 and 11088, do not refer to an appearance for all purposes as a general appearance. Consequently, the word "appearance" without additional designation means a general appearance.

The section under consideration is 5038.14, Code of 1939, which recites in part: "The dismissal of an action after the nonresident has appeared under the substituted service herein authorized, shall bar the recommencement of the same action * * * unless".

The majority opinion says: "The section under consideration might well have contained the word 'general' but it does not. Notwithstanding, we are asked to adopt a construction which compels us to put it in." With the foregoing statement I do not agree. The word "general" need not be inserted in the section because the word "appeared", as used in the section, means an appearance for all purposes. In fact the effect of the majority holding is to insert the word "specially", thus changing the meaning of the word "appeared".

That such interpretation is incorrect is evidenced by Code sections 12119 and 12572, which provide that the execution of a bond to discharge an attachment shall be deemed an appearance. Under the majority interpretation of the word "appearance" these statutes would mean that the execution of such bond shall be deemed a special appearance. I think the bench and bar have uniformly interpreted these sections to mean that the execution of a bond to discharge an attachment is an appearance for all purposes. Various other statutes employ the word "appear" or "appearance". Invariably this means an appearance for all purposes of the case. The expression "general appearance" seems to be unknown in our statutes.

The majority opinion points out that the special appearance was first recognized in a different form in the Revision of 1860 and continued in substantially the same form until 1911, when it took on its present qualities. The majority uses the expression "general appearance" throughout this discussion, although we do not find it in any of the statutes. However, it will be noted that in this same Revision of 1860, in sections 4129 and.4130, is first found the legislation which recites that the execution of a delivery bond shall be an appearance. Therefore, the holding of the majority would give rise to the inference that at the time these statutes were originally enacted the legislature had in mind that the execution of such bond was not an appearance for all purposes. I do not agree with this.

The majority opinion states: "We have consistently held to a strict construction of statutes where jurisdiction depended upon substituted service." I do not agree with this but construe the authorities to hold that the procedure is extraordinary in character and allowable only because specially authorized and, therefore, that such procedure must be closely followed.

The statute does not provide that the dismissal of the action after the nonresident has appeared shall bar its recommencement. What the statute says is "The dismissal of an action after the nonresident has appeared *under the substituted service* herein authorized, shall bar the recommencement of the same action * * *." (Italics supplied.) I think the words, "under the substituted service", were used advisedly. A special appearance is not an appearance *under the substituted service*. It is a denial that there is any valid substituted service. See 6 C. J. S. 6.

In discussing the possible effect of a literal construction of the statute the majority says: "Under it a nonresident could be harassed by as many notices and dismissals as the plaintiff might conceive necessary to wear down the nonresident to a point where he would rather pay than repeat appearances." It is sufficient answer to say that only one appearance under the substituted service is required. Having made one appear-

ance as distinguished from a special appearance the nonresident is not subject to further substituted service under the statute.

Nor do I agree that such construction "might well invite retaliatory legislation in other states". It is not unfair to require the nonresident to "appear" but once to a suit under the substituted service statute unless it be said the entire statute is unfair. Such statutes are in effect in many states and their legality has been generally approved by courts. Whether such statutes are beneficial or advisable is a legislative rather than a judicial question.

The expressed purpose of the statute is that certain nonresident defendants agree that they "shall be subject to the jurisdiction of the district court." Section 5038.01, Code of 1939. A special appearance is "for the sole purpose of attacking the jurisdiction of the court." By it the defendant does not fulfill "An agreement by him that he shall be subject to the jurisdiction" of the court. I think the decision in this case is contrary not only to the letter of the statute but also to its spirit.

HAMILTON and MITCHELL, JJ.; join in this dissent.