MILT H. ALLEN, Appellee, v. MARY TOUCHEO, Appellant.

**APPEAL AND ERROR:** Extent of Review of Order Refusing to Open Default. Refusal of the court to set aside a default judgment on the ground of no service will not be disturbed by the appellate court on a record revealing an irreconcilable conflict of testimony.

*Appeal from Des Moines Municipal Court.—O. S. FRANKLIN, Judge.*

MAY 4, 1920.

APPELLANT moved to set aside a default judgment, entered against her on the ground that she had not been legally served with notice. This is an appeal from the overruling of that motion.—*Affirmed.*

*Jordan & Jordan,* for appellant.

*Milt H. Allen,* for appellee.

SALINGER, J.—I. The main point made for the appellant is that the court erred in the exercise of and abused its discretion in refusing to set the default judgment aside. On whether there was due service there is a flat conflict. The return of the sheriff asserts that substituted service was made at the usual place of residence of this appellant. The officer who made the service supports the truth of the return by his testimony. On the other hand, there is testimony that the service was made at a place other than said usual residence. We hold that the court did not abuse its discretion, and that we cannot interfere with its having believed the return and the testimony supporting the same, and, therefore, cannot disturb its resulting action in refusing to set the default judgment aside. See *Pyle v. Stone,* 185 Iowa 785; *McWilliams v. Robertson,* 180 Iowa 281.

II. There is a complaint of the reception of certain testimony. It may not be denied that it presents a serious question, if the record leaves us at liberty to pass upon this complaint. We are constrained to hold that we cannot consider it. Much of it was received without any objection. In several instances, no ruling was had on objections made, and no ruling was demanded. In the instances where objections were overruled, no exception was taken. We cannot entertain the assignment.

Of necessity, this conclusion makes it unnecessary to consider various practice points urged by the appellee.

We are, however, of opinion that the motion of appellee, demanding an assessment of a penalty under Section 4141 of the Code, on the ground that the appeal was frivolous and taken for delay, is without merit.—*Affirmed*.

WEAVER, C. J., EVANS and PRESTON, JJ., concur.