F. A. RAUCH, Appellant, v. DES MOINES ELECTRIC COMPANY, Appellee.

NOVEMBER 13, 1928.

*Francis L. Meredith* and *Samuel Berenbaum,* for appellant.

*Bradshaw, Schenk & Fowler,* for appellee.

DE GRAFF, J.—The instant case, Rauch v. Des Moines Electric Company, and its companion case, Rauch v. Dengle, have

heretofore been appealed, submitted, and decided by this court. See *Rauch v. Des Moines Elec. Co.*, 206 Iowa 309, and *Rauch v. Dengle* (Iowa), 218 N. W. 470 (not officially reported). This appeal is predicated upon the denial of the plaintiff's (appellant's) petition for a new trial, which petition was filed December 6, 1924. The petition is based on the ground of newly discovered evidence. It may be observed that the instant case is not dealing with a motion for new trial under Section 11550, Code of 1924, but with a petition for new trial after term, as defined by Section 12787 *et seq.* It is the latter sections of the Code with which we are now concerned. Section 12787 provides that, in addition to causes for a new trial as enumerated in Section 11550, certain other grounds are stated which may be the bases for the granting of a new trial by petition after the term at which final judgment was entered. One of the statutory grounds for new trial, both by motion and by petition, is newly discovered evidence. It is provided, however, in Chapter 552, Code of 1924, relative to procedure governing a petition for new trial after term, that:

"No such petition shall be filed after one year from the rendition of final judgment." Section 12790.

In the instant case, the record is silent as to the date of record entry of judgment in the original cause, nor does an examination of the abstract of record, filed December 12, 1927, in the original cause, disclose the date of judgment entry. We are, therefore, in no position, under the record before us, to determine whether the statutory limitation as to the time of filing the instant petition for new trial has been respected.

It may be conceded that there is no inconsistency between the two proceedings,—that is, between the original appeal and the filing of a petition for a new trial,—so as to require the one to be abated because the other is pending. See *Cook v. Smith*, 58 Iowa 607. However, the original cause in which an appeal was taken has been actively prosecuted in this court, and is now finally determined. More than this, even if we waive, for the moment, the question of timely filing of the petition for new trial, the purported newly discovered evidence would not change the result of the trial, even if true. This evidence, as disclosed by the abstract of appellant, is merely cumulative in character, —if we concede, without deciding, the exercise of reasonable

diligence on the part of plaintiff to discover this evidence before the original trial of this cause. The most that the purported newly discovered evidence shows is that two witnesses testified, upon the hearing of the petition for new trial, that some of the globes on the electroliers located along the curbing in the downtown districts of the city of Des Moines ''had nicks in them, pieces broken out, and the nicks were used for a purpose,—that is, some of them. They were turned around with the nicks, to take the globes off, and some of them, the screws you could not get out. As to how it would make it easier to use one of the nicks to remove the globe, I would say, by turning the globe around to where the nick and screw would come together, the globe would be taken off. These nicks were utilized for the purpose of making it easier to take the globes off and put them back on.'' One of these new witnesses testified that, in his judgment, there was about one out of every ten or twelve that had these ''nicks,'' and that he imagined there were about three to four hundred electroliers in Des Moines. The other witness testified that about 20 per cent of the globes in the district over which he worked were nicked, and that the district in which he worked included all the downtown district, including the electroliers at Fourth and Walnut, where the accident happened. It is apparent that the offered evidence, in the light of the pleadings and the evidence upon the original trial, could avail nothing to the plaintiff. It would be mere speculation whether the globe in question had ''a nick.''

The defendant, Des Moines Electric Company, upon the conclusion of plaintiff's evidence tendered in support of his petition for a new trial, moved for a directed verdict, and, among other grounds, stated in said motion that the purported newly discovered evidence would not change the result of the trial, if true, and is cumulative in character. This motion was sustained, and judgment was entered dismissing the petition at plaintiff's costs.

We discover no ground for a reversal. The judgment entered is—*Affirmed*.

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.