**Sylvia GUTIERREZ, Appellee,**

v.

**WAL–MART STORES, INC., Appellant.**

**Nos. 00–0243, 00–1803.**

Supreme Court of Iowa.

Jan. 24, 2002.

Gregory M. Lederer and Christine L. Conover of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellant.

J.E. Tobey III, Davenport, and Patricia Zamora of Zamora, Taylor, Clark, Alexander, Woods & Frederick, Davenport, for appellee.

NEUMAN, Justice.

These appeals arise out of a judgment secured by Sylvia Gutierrez against Wal–Mart Stores, Inc. (WMSI) for injuries she sustained while shopping at the corporate retailer's store in Davenport. Because the appeals share the same factual and procedural background, we consider them together.

In appeal number 00–1803, following remand to the district court from our court of appeals, WMSI challenges the district court's finding that employee Dan Ellis was a "managing agent" for purpose of accepting service under Iowa rule of civil procedure 56.1(f).[1] While that matter was pending in the appellate court, WMSI filed a separate petition in the district court under Iowa rule of civil procedure 252(b) to vacate the judgment on the ground of irregularity. The court refused to set the matter for trial under rule 253(c), believing the matters raised by the petition were not collateral to the issues then under submission to the appellate court. Therefore, the court ruled, it was without jurisdiction to rule on them. That decision is the subject of WMSI's appeal number 00–0243.

Having now considered the records before us and the arguments of counsel, we affirm the court's decision regarding the sufficiency of service but reverse and remand for trial on WMSI's petition to vacate the judgment.

## I. Background Facts and Proceedings.

The incident giving rise to this lawsuit occurred in August 1995. In a nutshell, Sylvia Gutierrez was doing back-to-school shopping with her four children at a Wal–Mart store in Davenport when a display box containing roughly ten oriental rugs toppled over onto her. Gutierrez was not perusing the rugs at the time; she was in a nearby aisle examining shoes. According to the district court's factual findings, the rugs "str[uck] her first in the head, then down her neck and back, and finally [left] a rug burn on the back of her legs." Gutierrez, who was in considerable pain, immediately reported the incident to a Wal–Mart employee. She then sought medical care.

---

1. The rule states that personal service may be made upon a corporation
   by serving any present or acting or last known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice. . . .
   Iowa R. Civ. P. 56.1(f).

Gutierrez brought suit for her injuries, including medical expenses and lost wages. The case was tried to the court. Following a two-day trial, the court entered judgment in favor of Gutierrez and against WMSI in the sum of $38,678.56.

Further facts will be detailed as they pertain to the issues under review.

## II. Appeal No. 00–1803: Sufficiency of Service.

Gutierrez filed suit in July 1997. Her petition named "WALMART" as the defendant. According to the return-of-service affidavit, Bi–State Legal and Court Service served "WALMART" by serving a copy of the petition and original notice on "Dan Ellis (Asst. Mgr.)" on July 30, 1997. Defendant "Wal–Mart Stores, Inc. (WMSI)" appeared and answered on August 20, 1997, admitting that it operates a store in Davenport and that Gutierrez was in its store on the date in question but denying all other allegations of the petition. It also affirmatively alleged that the tort action was barred by the two-year statute of limitations. *See* Iowa Code § 614.1(2) (1997). This defense rested on the claim that Gutierrez neither sued the defendant in its correct corporate name nor served its registered agent before the statute of limitations expired.

Gutierrez took no action prior to trial to amend its petition to name "Wal–Mart Stores, Inc." instead of "WALMART." Thus, at the close of all the evidence,

WMSI moved for directed verdict on the ground the proper party was not served within the limitations period. The court took the matter under advisement, along with its ruling on the merits of the case. Thereafter, Gutierrez moved to amend her petition to conform to the proof adduced at trial concerning the corporation's correct name. WMSI resisted the amendment.

In its findings of fact and conclusions of law, the district court addressed the name issue and determined that a corporation may be sued under its trade name as well as its corporate name. In this case, the court held, the only mistake was Gutierrez' omission of a hyphen between "Wal" and "Mart." Because WMSI—commonly known as Wal–Mart—received original notice of the proceedings at the store where the incident occurred, the court ruled no prejudice resulted from the plaintiff's failure to correct the misnomer sooner, and the amendment was thereby allowed.

WMSI challenged the court's ruling by motion filed under rule 179(b), claiming Gutierrez failed to prove "that she served anybody, let alone WMSI or an authorized representative" before the statute of limitations deadline in order to comply with the relation-back provisions of rule 69(e).[2] The court summarily denied the motion and WMSI appealed.

We transferred the case to the court of appeals. That court rejected WMSI's claim the trial court abused its discretion by permitting Gutierrez' amendment to

---

**2.** The rule states, in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Iowa R. Civ. P. 69(e).

conform to the proof. In the appellate court's words, "During trial, four employees of the store referred to their employer as 'Wal–Mart.' The correct party was before the court." The court of appeals nevertheless agreed with WMSI's contention that, even if the amendment was properly allowed, it would not relate back to the filing of the petition unless service on "Dan Ellis (Asst.Mgr.)" was, in fact, sufficient to confer notice on Wal–Mart Stores, Inc., under rule of civil procedure 56.1(f). That decision, the court ruled, was a fact-based inquiry about which the district court had made no finding. So the court of appeals conditionally affirmed the judgment for Gutierrez subject to a remand to the trial court "to make findings ... concerning whether Dan Ellis was a 'general or managing agent' of WMSI."

That brings us to the immediate controversy before us. On remand, WMSI asserted the record contained no evidence from which the court could conclude Dan Ellis was a "general or managing agent" of WMSI. The trial court rejected this contention. It found the sworn return of service furnished prima facie proof of Dan Ellis' position with the company and noted WMSI's failure to tender any proof to the contrary. The court's opinion also rested on evidence furnished by other Wal Mart employees concerning their familiarity with Gutierrez' accident and this lawsuit. Although that testimony did not mention Ellis directly, it convinced the court that Ellis met the definition of "managing agent" contemplated by rule 56.1(f).

■ WMSI now claims reversal of the judgment is compelled because the court relied solely on hearsay to sustain its decision on remand. In particular, WMSI assails the court's reliance on the return-of-service affidavit. We are convinced the challenge is entirely without merit.

Our rules of procedure govern proof of service in circumstances such as this:

> Iowa officers may make unsworn returns of original notices served by them, as follows: Any sheriff, or deputy sheriff, as to service in their own or a contiguous county; any other peace officer, or bailiff or marshal, as to service in their own territorial jurisdiction. The court shall take judicial notice of such signatures. *All other returns ... shall be proved by the affidavit of the person making the service....*

Iowa R. Civ. P. 59(a) (emphasis added). In keeping with this rule, our court has long accorded return-of-service affidavits presumptive validity, noting they are impeachable only upon clear and convincing proof of falsity. *E.g., Ruth & Clark, Inc. v. Emery,* 233 Iowa 1234, 1242, 11 N.W.2d 397, 402 (1943); *Chader v. Wilkins,* 226 Iowa 417, 420, 284 N.W. 183, 185 (1939); *Coster v. Jensen,* 218 Iowa 1215, 1217, 257 N.W. 303, 304 (1934); *Des Moines Coal & Coke Co. v. Marks Inv. Co.,* 197 Iowa 589, 590–91, 195 N.W. 597, 598 (1923), *modified on other grounds,* 197 Iowa 589, 197 N.W. 628 (1924); *accord Strong v. Jarvis,* 524 N.W.2d 675, 677 (Iowa Ct.App.1994). Under this line of cases, WMSI's hearsay objection posed no impediment to the district court's finding that Dan Ellis, an assistant manager, was served at the Wal–Mart store in Davenport before the statute of limitations expired. WMSI offered no proof at trial to counter the affidavit.

■ Contrary to WMSI's contention, the court did not rely solely on the return-of-service affidavit to draw its next conclusion—that Ellis' corporate status was sufficient to perfect service on the corporation under rule 56.1(f). Under the rule, personal service may be made on a corporation by serving "any general or managing agent." Iowa R. Civ. P. 56.1(f). In *Life v. Best Refrigerated Express, Inc.,* 443

N.W.2d 334, 335 (Iowa 1989), this court observed that the term "managing agent" must be considered in the context of the service statute. Thus the term fits a person whose position with the corporation "is one of sufficient character and rank to make it reasonably certain that the corporation will be apprised of the service made through the agent." *Life*, 443 N.W.2d at 337. The district court applied that definition to facts gleaned from testimony in this record. On appeal, we are bound by the trial court's jurisdictional fact-findings unless they are unsupported by substantial evidence. *Id.* at 336.

Substantial evidence, albeit circumstantial, supports the factual basis for the district court's decision. Testimony by several members of Wal–Mart's management staff revealed their knowledge and investigation of the Gutierrez incident. WMSI's vigorous and timely defense of the lawsuit suggests it was promptly notified of the service of process. The unrebutted affidavit of service states that Dan Ellis was an assistant manager at the time the suit was commenced. The record reveals that the store employed several assistant or co-managers, all performing similar functions. In testimony elicited by WMSI's counsel, another co-manager stated that his duty is "to walk in the shadow of the store manager's shoes ... just learn what he's doing and basically do his job." Given the evident scope of an assistant manager's duties, a reasonable factfinder could infer that Dan Ellis's management position with WMSI was of sufficient "character and rank" to expect that he would place the service of notice in the right corporate hands. He obviously did. No ground for reversal appears.

### III. Appeal No. 00–0243: Petition to Vacate.

*A. Background.* WMSI's second appellate challenge concerns the trial court's summary dismissal of its petition to vacate the judgment. *See* Iowa R. Civ. P. 252.[3] The petition claimed the discovery of medical evidence submitted to the court by Gutierrez, post-trial, that had not been revealed to WMSI. The irregularity surfaced, WMSI claimed, while its counsel was preparing the appendix for the appeal discussed in the previous division, number 00–1803. Gutierrez denied the claim of irregularity. But irrespective of the petition's merit, Gutierrez argued the district court was without jurisdiction to consider the petition while the judgment it attacked was on appeal to the supreme court.

The district court agreed with Gutierrez. Relying on this court's decision in *Shedlock v. Iowa District Court*, 534 N.W.2d 656, 658–59 (Iowa 1995), the court held that the matter raised by WMSI's petition was not collateral to, but went to the heart of, the judgment then on appeal. Thus the court concluded it had no jurisdiction to entertain the petition and, accordingly, dismissed it. This appeal by WMSI followed.

■ *B. Analysis.* In *Shedlock*, this court discussed the general rule that a "trial court loses jurisdiction over the merits of a controversy once an appeal is perfected." *Shedlock*, 534 N.W.2d at 658. Our rules of appellate procedure recognize only two circumstances in which restoration of jurisdiction to the trial court is permitted: "upon the litigants' stipulation for an order of dismissal or upon the ap-

---

**3.** The rule provides, in pertinent part, that "[u]pon timely petition and notice under R.C.P. 253 the court may correct, vacate or modify a final judgment or order, or grant a new trial" on the ground of "[i]rregularity or fraud practiced in obtaining it." Iowa R. Civ. P. 252(b). Companion rule 253 requires the filing of petitions under rule 252 "within one year after the entry of the judgment...."

pellate court's order for limited remand." *Id.; see* Iowa R.App. P. 12(e), (g). We also acknowledged in *Shedlock* the common-law "collateral matters" exception to these rules. *Shedlock,* 534 N.W.2d at 658. Under the exception, trial courts "retain jurisdiction over disputes between the parties which are collateral to the subject matter of the appeal." *Id.; accord Universal Coops., Inc. v. Tasco, Inc.,* 300 N.W.2d 139, 142 (Iowa 1981); *In re Estate of Tollefsrud,* 275 N.W.2d 412, 418 (Iowa 1979).

The question of irregularity raised by WMSI's petition to vacate was plainly not collateral to the judgment then on appeal to this court; it attacked the judgment's very validity. So it is perhaps not surprising that the court applied the general rule, thereby concluding it had no jurisdiction to proceed. The mistake in the court's decision, as WMSI rightly argues, is that the court failed to recognize the independent nature of a petition filed under rule 252, and the unique jurisdictional rules that apply.

■ The question posed by this appeal was addressed directly by this court in *Chambliss v. Hass,* 125 Iowa 484, 101 N.W. 153 (1904). *Chambliss* involved the administration of an estate in which certain promissory notes were found to be estate assets and distributed accordingly. Within a year after judgment was entered for the claimant, but after appeal and satisfaction of the judgment had occurred, the administrator petitioned for new trial (under a statute comparable to rule 252), claiming irregularity in the evidence sustaining the judgment. *Chambliss,* 125 Iowa at 486, 101 N.W. at 154. Addressing the question of whether an appeal deprived the trial court of jurisdiction to entertain an application for new trial, the court said:

The contention of the appellant, that the appeal from the judgment in the principal case had the effect to deprive the trial court of jurisdiction to entertain the application for new trial, cannot be sustained. The right to petition for new trial within one year upon the grounds named in the statute is absolute and unqualified, and is wholly independent of the right of appeal. The proceeding involves no attempt to review the judgment which has been appealed from, nor to pass upon or take advantage of any alleged error in the record. It is in effect an independent proceeding, in which a new and different issue is joined and tried as an ordinary action.

*Id.* at 487, 101 N.W. at 154. The court's holding in *Chambliss* is consistent with a line of cases pre- and post-dating the opinion. *See Dunham v. Des Moines Ry.,* 240 Iowa 421, 429, 35 N.W.2d 578, 583 (1949); *Shaw v. Addison,* 236 Iowa 720, 725, 18 N.W.2d 796, 800 (1945); *Rauch v. Des Moines Elec. Co.,* 206 Iowa 1155, 1156, 221 N.W. 788, 788 (1928); *Kenwood Lumber Co. v. Armstrong,* 197 Iowa 1239, 1243, 198 N.W. 521, 523 (1924). In a more recent decision, our court of appeals affirmed *Shaw's* holding that "an appeal from a judgment does not deprive the appellant of his statutory right to petition for a vacation of that judgment and a new trial if that procedure is timely." *H & S Ltd. v. Andreola,* 363 N.W.2d 592, 595 (Iowa Ct. App.1984).

There is no dispute under this record that WMSI complied with the procedures required under rule 252 entitling it to a trial on the merits of its petition to vacate. Based on the controlling authority cited above, we reverse and remand to the district court for the hearing to which WMSI is entitled. By our decision, however, we do not mean to suggest any opinion on the merits of WMSI's claim of irregularity in the original judgment.

JUDGMENT IN APPEAL NO. 00–1803 AFFIRMED; JUDGMENT IN APPEAL NO. 00–0243 REVERSED AND CASE REMANDED.