# IN THE COURT OF APPEALS OF IOWA

No. 17-0737
Filed February 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**THOMAS PATRICK OLOFSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan (stay of execution), District Associate Judge, and Donna L. Paulsen (sentencing, appeal bond), Judge.

Thomas Patrick Olofson appeals the district court's sentence, the amount of his appeal bond, and the district court's denial of his motion for stay of execution. **SENTENCE AFFIRMED AND APPEAL DISMISSED IN PART.**

Seth J. Harrington of Harrington Law L.C., Clive, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Thomas Patrick Olofson appeals the district court's sentence, the amount of his appeal bond, and the district court's denial of his motion for stay of execution. We find the district court did not err in assessing court costs and the amount of the appeal bond was appropriate. We also find Olofson did not properly preserve the issue regarding his motion for stay of execution. Therefore, we affirm the district court, and dismiss the stay of execution claim.

## I. Background Facts and Proceedings

In November 2016, Olofson was charged with possession of a controlled substance, third offense, in violation of Iowa Code section 124.401(5) (2016), and assault while participating in a felony, in violation of Iowa Code section 708.3. On May 2, 2017, Olofson pleaded guilty to possession of a controlled substance, second offense, and count two was dismissed. Olofson was sentenced to 180 days in jail, given credit for time served, fined $625 plus surcharges, and ordered to provide a DNA sample, and his driver's license was suspended for 180 days. The court also assessed court costs on the dismissed count and set an appeal bond at $2000.

On May 22, Olofson timely appealed the district court's sentence. On May 27, he filed a motion for stay of execution of the fine and suspension. On May 30, the district court denied Olofson's motion.

## II. Standard of Review

We review challenges to the legality of a sentence for errors at law. *Kurtz v. State*, 854 N.W.2d 474, 478 (Iowa Ct. App. 2014). We review the amount of

an appeal bond for an abuse of discretion. *See State v. Kellogg*, 534 N.W.2d 431, 433 (Iowa 1995).

### III. Court Costs

Iowa Code section 910.2(1) requires a defendant who pleads guilty to make restitution, including court costs. However, our supreme court has held a defendant cannot be held liable for court costs on dismissed charges unless, as part of the plea agreement, the defendant has agreed to do so. *See State v. Petrie,* 478 N.W.2d 620, 622 (Iowa 1991). Olofson claims the only record made regarding the plea agreement read, "Plead to Count I; second offense—credit for time served, dismissed of Count II." This is not accurate. The document Olofson cites—the petition to plead guilty—also states, "I understand and agree to pay full restitution for all charged offenses including any counts of cases dismissed." Both Olofson and his trial attorney signed the petition and acknowledged they "read and understood the above petition to plead guilty." We find the district court properly assessed court costs on the dismissed count.

### IV. Appeal Bond

Olofson also claims the appeal bond set by the district court was excessive.

> If the judgment or order appealed from is for money, such bond shall be 110 percent of the amount of the money judgment . . . . In all other cases, the bond shall be an amount sufficient to save the appellee harmless from the consequences of the appeal, but in no event less than $1000.

Iowa R. App. P. 6.601(2). Olofson claims the judgment from which he appealed was for money, and therefore could not be in excess of 110% of the monetary

judgment. The district court established the bond at $2000 and made no additional findings justifying the amount of the bond.

However, the judgment was not simply a monetary judgment. It also suspended Olofson's driver's license and imposed a jail sentence. Olofson claims such a reading of the rule is "compulsively narrow" and if read narrowly any non-monetary punishment allows the district court to impose an appeal bond far in excess of any fine. We find that is exactly what the rule provides. The limit of 110% applies when the only punishment is monetary damages. We find the district court did not abuse its discretion in establishing the amount of the appeal bond.

## V. Motion for Stay of Execution

Olofson finally claims the district erred in denying his motion for a stay of execution. The State claims this issue is not preserved as Olofson filed his appeal before his motion for stay of execution. The district court losses jurisdiction over the merits of a case when an appeal is perfected. *Gutierrez v. Wal-Mart Stores, Inc.*, 638 N.W.2d 702, 706 (Iowa 2002). However, the district court may still consider collateral matters not affecting the subject of the appeal. *State v. Jose*, 636 N.W.2d 38, 46 (Iowa 2001). The grant or denial of a stay of execution does not affect the ultimate issues of Olofson's appeals. Therefore, we find the district court retained jurisdiction.

The next issue before us is to determine whether the collateral issue was subject to Olofson's notice of appeal, filed eight days before the district court denied his motion for stay of execution. Our supreme court has previously held:

> [W]e recognize that rulings on collateral or independent issues after final judgment are separately appealable as final judgments . . . . [Therefore], any appeal from a ruling on the issue must be separately appealed.  A defendant cannot rely upon the notice of appeal from the judgment and sentence of the district court.
>
> We conclude the district court had jurisdiction to rule on the application to review the appeal bond after [the defendant] filed his notice of appeal from the final judgment and sentence of the district court. However, [the defendant] never filed a separate notice of appeal from the ruling on the application to review bond. Accordingly, the issue of the additional terms imposed on the bail is not properly before us on this appeal.

*State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002) (citations omitted).

In order to contest the denial of his motion for stay of execution Olofson was required to file a separate notice of appeal.  He did not.  As a result, the issue is not properly before us and is, therefore, dismissed.

**SENTENCE AFFIRMED AND APPEAL DISMISSED IN PART.**