# IN THE COURT OF APPEALS OF IOWA

No. 18-0308
Filed February 6, 2019

**IN THE MATTER OF THE ESTATE OF DONAVEN E. HENRICKSEN,**
 Deceased.

_____

**IN THE MATTER OF THE ESTATE OF DARLENE V. HENRICKSEN,**
 Deceased.

_____

**SARITA HENRICKSEN,**
 Petitioner-Appellee,

**vs.**

**JIM HENRICKSEN,**
 Respondent-Appellant.

_____

 Appeal from the Iowa District Court for Emmet County, Carl J. Petersen,

Judge.


 An ex-husband appeals from a ruling ordering him to pay unpaid child

support and daycare expenses. **REVERSED AND REMANDED WITH**

**INSTRUCTIONS.**


 Jennifer Bennett Finn of Pelzer Law Firm, LLC, Estherville, for appellant.

 Phil Redenbaugh of The Law Offices of Redenbaugh & Mohr, P.C., Storm

Lake, for appellee.


 Considered by Potterfield, P.J. , Doyle, J., and Danilson, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

Jim Henricksen (Jim) appeals from the district court ruling ordering him to pay unpaid child support and daycare expenses. Jim contends the district court erred in vacating its prior ruling. Alternatively, Jim contends he received inadequate notice of the amount of alleged arrearages, and thus the court should not have concluded he was barred from contesting the computation of arrearages and interest or from presenting defenses. Jim contends the court should have applied the law of Oklahoma in computing the amount of arrearages and accrual of interest.

We conclude Jim's appeal of the order vacating the previous ruling is timely but without merit. However, because Jim did not receive proper notice of the amount of alleged arrearages now claimed by his ex-wife Sarita Henricksen (Sarita), we conclude it was improper to exclude Jim's arguments and defenses regarding the actual amount owed. We reverse and remand for a new hearing to allow Jim to present his defenses except he is precluded from raising the statute of limitations. The arrearages and interest shall be determined by Oklahoma law.

**I. Background Facts and Proceedings.**

Sarita and Jim divorced in 1989 in Oklahoma. At the time of their divorce, they had two minor children. The Oklahoma divorce decree ordered Jim to pay Sarita $351.21 per month for child support. Jim was also ordered to pay Sarita "employment-related daycare expenses," which, at the time of the decree, were $307.02 per month. The decree also provided that "[i]n the event the amount of daycare expenses change, [Jim] is ordered to pay to [Sarita] 71.4% of the total

amount incurred." The decree also ordered Jim to pay a portion of the children's healthcare-related expenses.[1]

Based on the ages of the children, Jim was to pay child support until April 2005. The record establishes Sarita had daycare expenses for the children until sometime in 2001. Jim only sporadically paid his child-support obligation, and the few payments he did make were far less than what he had been ordered to pay.

In 2012, Jim's parents' estates ("the Estate") were admitted to probate in Emmet County, Iowa. The bulk of the Estate consisted of land valued at $2,695,000. Jim and his brothers, Gary and Wayne, were beneficiaries of their parents' wills.

On October 9, 2013, Sarita filed an affidavit and petition in Emmet County requesting registration and enforcement of the support order from the Oklahoma divorce decree. This affidavit claimed "the amount of arrearage under the support order for which I seek registration and enforcement is a minimum of $101,496.36." On October 14, a certified copy of the Oklahoma divorce decree was filed in Emmet County, and the county clerk filed a notice of filing of a foreign judgment.

On December 26, 2013, Sarita filed a request for general execution for $353,819.10, which was calculated by combining the monthly child support and daycare amounts and applying ten percent interest per annum beginning May 16, 1989.[2] The county clerk entered the general execution on December 30, and the

---

[1] Sarita has not sought to recover any of these amounts because she lacks documentation to support the expenses she paid from the years 1989 to 2005.
[2] This figure also includes $609 in unpaid court costs and attorney's fees.

sheriff received it the same day. The sheriff then served the attorney for the Estate with notice of garnishment in the amount of $353,839.10.

On January 17, 2014, the Estate requested a court hearing to determine the "validity of the claims of Sarita Henricksen and the State of Iowa in order to close this estate and distribute assets pursuant to the Last Will and Testament of Donaven E. Henricksen."[3]

The Emmet County Clerk mailed Jim notice of the registration of the support order on January 29, 2014. This notice informed Jim that Sarita had filed the support order on October 14, 2013, that a hearing to contest the order needed to be requested within twenty days after the mailing or service of the notice, that failure to contest the validity or enforcement of the order within the twenty days would result in confirmation of the order, and that failure to timely contest the order would preclude future contest with respect to any matter that could have been asserted. The notice informed Jim, "The amount of alleged arrearages is $101,496.36." A copy of the Oklahoma divorce decree was included with the notice. The same day the notice was mailed and filed, the Estate filed a motion to continue the hearing on the validity of Sarita's claims, because "Jim Henricksen, son of the decedent, has contacted the undersigned and requested a continuance of the above hearing in order to obtain counsel." The court granted the continuance and referenced that the continuance was "upon request of decedent's son." The twenty-day period for Jim to contest the validity or enforcement of the

---

[3] The Estate asserted the State had filed a notice of income withholding for child support in the amount of $62,115.03.

support order expired February 18, 2014, and Jim did not request a hearing within that time period.

On March 3, 2014, Sarita filed an "assignment of judgments" to Ray Sullins, a disbarred attorney.[4]  That same day, Sullins filed an application to the court to order the Estate to set aside property for satisfaction of the support order and to place liens and order execution on Jim's property.  Sarita joined in this application.  Jim filed an answer to this application on March 14, 2014, and generally denied the matters asserted in the application.  Jim's answer acknowledged that the notice sent by the Emmet County Clerk informed him of a judgment for $101,496.36 but also noted that was "not the amount claimed in a garnishment and levy by [Sarita]."

The Estate's petition on the validity and priority of claims was heard by the district court on March 17, 2014.  The court also heard Sullins's March 3 application.  Sarita attempted to participate in the hearing by telephone but, through no fault of her own, was unable to do so.  Much of the hearing centered on the propriety of Sullins's appearance.

On May 22, 2014, the court issued a written ruling.  The court concluded Sullins had engaged in the unauthorized practice of law and disregarded his evidence and arguments.  The court concluded the October 14, 2013 notice filed by the clerk did not comply with the requirements set forth in Iowa Code section 252K.605(2)(a) – (d) (2013).  But, the court concluded the notice sent to Jim on January 29, 2014, did comply with the statutory requirements.  Because Jim did not contest the registered support order within twenty days, the court disregarded

---

[4] Sarita and Sullins are personal acquaintances.

Jim's evidence. The court concluded Sarita's October 14, 2013 affidavit was the best evidence of the delinquent sum due from Jim to Sarita and concluded that the registered support order became final by operation of law based on Jim's failure to respond. The court ordered the registered support order, in the amount of $101,496.36, could be enforced by garnishment of the distributive share due to Jim from the Estate.

Sullins filed a motion for a new trial and a motion to enlarge on June 9, 2014. Sarita, represented by a licensed attorney, joined in the motions, and Jim resisted the motions. The motions were denied.

On July 23, 2014, Sarita's attorney filed a document titled, "Amendment to Foreign Judgment Registration." The document reads,

> Comes now, Sarita Henricksen, and amends her registration of her foreign judgment originally entered in the District Court of Oklahoma County, State of Oklahoma, case number FD-89-104 to state that the total amount due from Jim Henricksen under that judgment including principal and interest as of July 15, 2014, is $353,784.96 with interest on the principal accruing at the rate of $35.85/day.

Jim filed a "Protective preliminary response and comments to amendment to foreign judgment registration" on August 7, 2014. In this response, Jim noted, "(1) The statute under which this foreign judgment registration and amendment thereto requires the Clerk of Court to give official notice directly to Jim D. Henricksen. (2) No such notice of the amendment has been made by the Clerk of Court." Jim also asserted, "If it should be determined that official notice has been sent (thus starting a twenty (20) day period for the Defendant to file a resistance), then Jim D. Henricksen, who did not object to the original registration and amount thereto, does object to the now claimed in the amendment."

On July 25, 2014, Sullins appealed the court's May 22 order. While that appeal was pending, Sullins filed a petition on May 21, 2015, to vacate the district court's May 22 order. On January 29, 2016, Jim paid $101,496.36 to the Iowa Collection Services Center. Hearing on the petition to vacate was eventually conducted August 4, 2016.

After some procedural delay, the court filed its written ruling on the petition to vacate on February 15, 2017. The court found an irregularity occurred during the March 17, 2014 hearing—namely, that Sarita was unable to participate due to the actions of the court or court staff. The court vacated the May 22, 2014 order and directed the court administrator to schedule a new hearing.

The second hearing was conducted September 22, 2017. Sarita testified at the hearing and the parties submitted exhibits to the court. The court permitted the parties to submit post-hearing briefs concerning the computation of arrears and interest. In its written ruling, the court noted the only evidence concerning the claims for past due child support, daycare support, and interest was Sarita's testimony and exhibits consisting of affidavits. Jim did not present evidence to contest the amounts but relied upon equitable arguments, statute of limitations, and laches. The court concluded it need not consider Jim's arguments because Jim failed to contest the amounts owed by the February 18, 2014 deadline. The court concurred with Sarita's calculations for the amount of arrears and interest and concluded, as of September 30, 2017, Jim owed Sarita $273,312.25, accruing interest at the rate of $35.85 per day. This amount accounted for the $101,496.36 Jim paid to collections services.

Jim appeals.

## II. Scope and Standards of Review.

The registration of a support order is in equity.  Iowa Code § 252A.18.  We review equity matters de novo.  Iowa R. App. P. 6.907.

We review a district court's decision on a petition to vacate for the correction of errors at law.  *In re Adoption of B.J.H.*, 564 N.W.2d 387, 391 (Iowa 1997); *see also Kraus v. Mummau*, No. 16-2034, 2018 WL 542628, at *2 (Iowa Ct. App. Jan. 24, 2018).

## III. Discussion.

### A. Prior Vacated Ruling.

Jim contends the district court abused its discretion in vacating its prior ruling.  A petition to vacate and be granted a new trial is "in effect an independent proceeding, in which a new and different issue is joined and tried as an ordinary action."  *Gutierrez v. Wal-Mart Stores, Inc.*, 638 N.W.2d 702, 707 (Iowa 2002) (quoting *Chambliss v. Hass*, 101 N.W. 153, 154 (Iowa 1904)).  Here, the petition to vacate was granted and placed the parties back into the same position as before the ruling.  Under these circumstances, the appeal of the order vacating the initial ruling was timely when filed after the second ruling.  *See Shoemaker v. City of Muscatine*, 275 N.W.2d 206, 208 (Iowa 1979) (citing *Johnson v. Iowa State Hwy. Comm'n*, 134 N.W.2d 916, 918 (Iowa 1965)) (determining a final judgment subject to appeal is "one which conclusively adjudicates all the rights of the parties" and stating the ruling "must put it beyond the power of the court which it made to place the parties in their original position" and noting "[a]ny ruling or order which is not finally decisive of the case is therefore interlocutory").  Because the order vacating

the initial ruling was not decisive of the case, the order was not a final judgment requiring a notice of appeal within thirty days of the entry of the order.

Notwithstanding, due to procedural irregularities, namely the absence of Sarita because of telephone difficulties and the wrongful participation by Sullins, we conclude the district court properly vacated the earlier ruling. *See In re Estate of Henricksen*, No. 14-1218, 2017 WL 2684327, at *1 (Iowa Ct. App. June 21, 2017) (concluding Sullins did not have standing to participate in the litigation). Thus, the district court did not abuse its discretion in vacating the initial ruling.

### B. Notice of Registered Judgment.

Jim admits he failed to contest the registered support order within the twenty days required by law, but he states he paid the amount of the original "alleged arrears." Jim only objects to the amended amount of alleged arrearages. Jim argues that because he never received notice that Sarita was claiming arrearages in excess of the amount alleged in the registered support order, the court erred in not considering his arguments and defenses to the additional arrearages. [5]

Iowa Code section 252K.606[6] provides that a nonregistering party shall request a hearing to contest the validity of a registered support order within twenty days. The failure to contest the judgment order results in the order being confirmed by operation of law. Iowa Code § 252K.606(2). Jim did not request a hearing to contest the validity of the registered support order as required by the statute.

---

[5] Jim's argument that he did not need to contest the registered support order because the Estate had already requested a hearing on the matter was not raised and decided below, so we do not consider it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).
[6] Chapter 252K was extensively amended in 2015, which was to take effect July 1, 2015, and was to be applicable to "all matters pending on July 1, 2015." 2015 Iowa Acts ch. 110, § 74. For ease of reference, all citations are to the 2015 Supplement to the Iowa Code.

However, Iowa Code section 252K.605(2)(d) requires that the nonregistering party receive notice from the registering tribunal "[o]f the amount of any alleged arrearages."

Here, Jim received notice from the Clerk of Emmet County, the registering tribunal, that Sarita was alleging arrearages of $101,496.36. The actual judgment—the Oklahoma divorce decree—does not recite the amount of the arrearages, nor did the clerk of court in Oklahoma certify a total amount owed. The amounts—first $101,496.36 and later $353,819.10—were simply amounts computed by Sarita.

Sarita attempted to amend the amount of arrearages by her own filing, an "Amendment to Foreign Judgment Registration." Because Sarita attempted to amend the amount of arrearages without proper notice by the registering tribunal she should not be entitled to conclusive effect of the amount she now claims. We would agree however, that Jim's failure to challenge the foreign judgment initially prevents his ability to contest the validity of the judgment itself as it pertains to the first $101,496.36 in arrears. However, it is procedurally fair to permit Jim to raise any defenses relative to the proper amount of the arrearages above the initial sum sought. Sarita should not benefit from the statute's conclusive effect of the order without fully complying with the statutory requirement of notice from the registering tribunal setting forth the amount of arrearages that she now claims is owed. *Id.* §§ 252K.605(1), .606(2). Jim is entitled to his day in court and should be entitled to raise equitable defenses and laches. We agree with Sarita that Jim's failure to raise the issue of statute of limitations initially precludes further contest of that issue. *See id.* § 252K.608 ("Confirmation of a registered support order, whether

by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration.").  To the extent the district court failed to consider any of Jim's other defenses, the court erred.  We reverse and remand for a new hearing.

**C. Interest Rate.**

We address Jim's contention regarding the application of Oklahoma law because it is likely to be an issue on remand.[7]  Iowa Code section 252K.604 provides:

> Except as otherwise provided in subsection 4, the law of the *issuing state or foreign country* governs: (a) The nature, extent, amount, and duration of current payments under a registered support order. (b) The computation and payment of arrearages and accrual of interest on the arrearages under the support order. (c) The existence and satisfaction of other obligations under the support order.

(Emphasis added.)  The issuing state in this case is Oklahoma, not Iowa.  Thus, the district court should have applied the law of Oklahoma in computing arrearages and accrual of interest on the arrearages under the support order.  *See Meether v. Meether*, No. 08-1059, 2009 WL 1212241, at *5 (Iowa Ct. App. May 6, 2009) (recognizing Utah law should be used to calculate interest on unpaid child support and alimony from Utah judgment).

Sarita argues Iowa Code section 252K.604(4) provides that the law of the foreign state would only control after Iowa issues an order consolidating arrears.  That section provides,

---

[7] Sarita contends error is not preserved on this issue "because the computation of interest is a factual matter" and Jim did not file a post-trial motion urging a mistake of fact.  Jim asked the court to compute interest according to the law of Oklahoma.  Here, the court, relying upon Sarita's computation, applied the law of the wrong state.  Error is preserved.

> After a tribunal of this state or another state determines which is the controlling order and issues an order consolidating arrears, if any, a tribunal of this state shall prospectively apply the law of the state or foreign country issuing the controlling order, including its law on interest on arrears, on current and future support, and on consolidated arrears.

Iowa Code § 252K.604(4). We understand subsection four to apply in situations in which the court has been asked to determine which of two or more foreign support orders in effect is controlling. *See* Iowa Code §252K.602(4), (5). It is thus inapplicable here. Moreover, Sarita's argument ignores the plain language of section 252K.604 that the *issuing state's* law governs the nature, extent, amount, duration, and computation and payment of arrearages and accrual of interest on the arrearages under the support order.

On remand, Oklahoma law governs the computation and payment of arrearages and accrual of interest. Subject to any defenses, if arrearages for daycare expense reimbursement is ordered, it should terminate consistent with Oklahoma law.

**IV. Conclusion.**

We reverse and remand to the district court to determine the actual amount owing in a manner consistent with this opinion. We decline to address the viability of Jim's defenses.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**